J-S36035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NEIL LASHAUN HULL | : | |
| | : | |
| Appellant | : | No. 1464 WDA 2021 |

Appeal from the PCRA Order Entered November 17, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003787-2017

BEFORE:  STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED:  February 14, 2023**

Appellant, Neil Lashaun Hull, appeals *pro se* from the order entered in the Erie County Court of Common Pleas (trial court), which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] without a hearing as untimely.  For the reasons set forth below, we affirm.

On June 6, 2018, Appellant pleaded guilty to charges of possession of a firearm by a prohibited person and possession with intent to deliver a controlled substance (PWID).[2]  N.T. Guilty Plea at 6-11.  On September 25, 2018, the trial court sentenced Appellant to consecutive terms of incarceration

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 6105(a)(1) and 35 P.S. § 780-113(a)(30), respectively.

of 5 to 10 years for possession of a firearm by a prohibited person and 15 months to $2^1/_2$ years for PWID, resulting in an aggregate sentence of 6 years and 3 months to $12^1/_2$ years' incarceration. N.T. Sentencing at 5-8; Sentencing Order. Counsel for Appellant filed a timely motion to reconsider and modify sentence, which the trial court denied on October 5, 2018. Appellant did not file a direct appeal from his judgment of sentence.

Appellant filed a first PCRA petition on May 22, 2020,[3] more than one year after the expiration of the 30-day period to file a direct appeal from his judgment of sentence. The trial court appointed PCRA counsel to represent Appellant. On June 30, 2020, that PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) in which he explained that the PCRA petition was barred by the PCRA's one-year time limit. On August 31, 2020, the trial court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss this PCRA petition without a hearing both on the ground that it was time-barred and on the ground that Appellant's claims of ineffective assistance of counsel were without merit. On October 5, 2020, the trial court dismissed the PCRA petition. Trial Court

_____

[3] While the docket shows a later date for this filing and Appellant's other filings based on the dates that they were received by the trial court, under the prisoner-mailbox rule, a document is considered filed on the date that the inmate delivered it to prison authorities for mailing, regardless of when it is received. *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019). The dates of this and Appellant's other filings are therefore the dates of the postmarks on the envelopes in which Appellant sent these filings, not the dates that they were received and docketed.

Order, 10/5/20. Appellant did not appeal the dismissal of his first PCRA petition.

On July 6, 2021 and August 24, 2021, Appellant filed a motion challenging his sentence on merger grounds and a motion to modify and reduce his sentence, which the trial court treated together as a second PCRA petition. On October 6, 2021, the trial court issued a Rule 907 notice of its intent to dismiss this 2021 PCRA petition without a hearing on the ground that it was time-barred. Appellant filed a response to this Rule 907 notice in which he argued that an exception to the PCRA's time bar applied because he was not represented by counsel. On November 17, 2021, the trial court dismissed the 2021 PCRA petition as untimely. Trial Court Order, 11/17/21. This timely appeal followed.

Appellant presents the following issue for our review:

Did the PCRA court below err in dismissing Mr. Hull's PCRA petition without benefit of an evidentiary hearing and where he made out a viable constitutional claim of IAC [ineffective assistance of counsel]?

Appellant's Brief at 4. We conclude that, as the trial court correctly held, Appellant has failed to satisfy any exception to the PCRA's time bar and that we are therefore barred by the PCRA's time limit from considering the merits of the ineffective assistance of counsel claim that Appellant seeks to assert.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be

filed beyond the one-year time period only if the defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* In addition, these exceptions can apply only if the defendant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Hipps*, 274 A.3d 1263, 1267 (Pa. Super. 2022). The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA claim. *Commonwealth v. Fahy*, 737 A.2d 214, 222-23 (Pa. 1999); *Hipps*, 274 A.3d at 1267; *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

Appellant's judgment of sentence became final on November 5, 2018, upon expiration of the 30-day period to file a direct appeal from his judgment of sentence. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903.[4] The one-year period

---

[4] The 30-day period extended to November 5, 2018 because the 30th day, November 4, 2018, was a Sunday. 1 Pa.C.S. § 1908; Pa. R.A.P. 107.

that Appellant had to file a timely PCRA petition therefore expired on November 5, 2019. The instant PCRA petition was filed on July 6, 2021, more than two years after the judgment became final and is therefore untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii) and that he filed this PCRA petition within one year after he first could have done so.

Appellant in his brief asserts arguments that he has a meritorious claim of ineffective assistance of both his trial counsel and his first PCRA counsel. Appellant does not make any claim, however, that any of the exceptions to the PCRA's time bar applies here, let alone prove that the requirements for any of the exceptions are satisfied or that he could prove at a hearing that any of the three exceptions applies.[5]

Indeed, none of the factual assertions that Appellant makes in his brief can satisfy any of the PCRA's time-bar exceptions. Appellant does not assert anywhere in his brief that any government action prevented him from filing a PCRA petition before November 5, 2019 or that any such interference

_____

[5] Appellant asserted in the trial court, but does not argue in his brief in this Court, that the untimeliness of this PCRA petition is excused by the fact that he was not represented by counsel in the periods before filing his PCRA petitions. That fact, which does not fall within any of the three PCRA exceptions, cannot make the PCRA petition timely. The PCRA does not provide that its one-year time limit is tolled for periods in which the defendant is not represented by counsel and the courts do not have the power to create equitable exceptions to the PCRA's time limit. *Fahy*, 737 A.2d at 222-23; *Commonwealth v. Lee*, 206 A.3d 1, 11 (Pa. Super. 2019) (*en banc*).

continued until July 6, 2020. Appellant clearly has not set forth any claim of a constitutional right that was newly recognized after November 5, 2019, as the cases that he cites in his brief were decided between 1988 and 2014. In addition, Appellant does not allege that he learned any fact concerning trial counsel's actions or inaction after November 5, 2019, let alone that he learned any such fact on or after July 6, 2020 that he could not have learned earlier if he had exercised due diligence.

Appellant's allegations of ineffectiveness of his PCRA counsel do involve events after November 5, 2019. Ineffectiveness of PCRA counsel, however, does not satisfy any the exceptions to the PCRA's time bar unless it amounts to conduct or inaction by counsel that wholly deprives the defendant of PCRA review. *Commonwealth v. Peterson*, 192 A.3d 1123, 1129-32 (Pa. 2018); *v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000); *Hipps*, 274 A.3d at 1268-72. Appellant's allegations concerning PCRA counsel do not show any such *per se* ineffectiveness of counsel.

Appellant has not shown that PCRA counsel failed to act or to timely act or that he failed to fulfill his duty to represent Appellant. The untimeliness that barred merits review of Appellant's first PCRA petition occurred before PCRA counsel ever represented Appellant, not as the result of any action or inaction by PCRA counsel. The record shows that after he was appointed, PCRA counsel reviewed the case and evaluated whether Appellant could have any claim and that PCRA counsel filed a no-merit letter, rather than filing an

amended PCRA petition or requesting a hearing, because he concluded that the PCRA petition, filed more than one year after Appellant's judgment of sentence became final, was time-barred. No-Merit Letter at 1-2. In reaching this conclusion, PCRA counsel specifically evaluated whether any of the exceptions to the PCRA's time bar could apply and determined that there was no basis on which it could be argued that any exception applied. *Id.* at 2. The fact that PCRA counsel, after evaluation of the case, concluded that Appellant's PCRA petition was barred and therefore filed a no-merit letter does not constitute a complete deprivation of collateral review caused by counsel that can satisfy any of the exceptions to the PCRA's time bar. ***Commonwealth v. Washington***, No. 778 MDA 2020, slip op. at 11 (Pa. Super. Oct. 22, 2022) (unpublished memorandum); ***Commonwealth v. Rios***, No. 769 MDA 2019, slip op. at 5-6 (Pa. Super. June 10, 2020) (unpublished memorandum).

No appeal was filed from the dismissal of Appellant's first PCRA petition. That, however, does not show a default by PCRA counsel, as Appellant has not alleged that he requested that PCRA counsel file any appeal from the order dismissing the first PCRA petition or that PCRA counsel was ineffective for failing to appeal the dismissal of his first PCRA petition. To the contrary, the

only denial of his appellate rights that Appellant has raised in his brief here or in the trial court is the failure of trial counsel to file a direct appeal.[6]

Because Appellant has not alleged any basis on which his 2021 PCRA petition could be timely under any of the PCRA's time-bar exceptions, the trial court properly dismissed that PCRA petition without a hearing. We therefore affirm the trial court's dismissal of Appellant's 2021 PCRA petition as untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/14/2023

---

[6] Moreover, even if Appellant had asserted that PCRA counsel was ineffective for failure to file an appeal, it would not provide him the relief that he seeks in this appeal. The relief to which Appellant would be entitled on a claim of ineffectiveness for failure to file such an appeal would be reinstatement of his right to appeal the dismissal of his first PCRA petition *nunc pro tunc*, **Hipps**, 274 A.3d at 1272 n.4, which would involve the issue of whether Appellant's first PCRA petition was untimely and would not give Appellant the right to litigate his claims of ineffective assistance of counsel unless he showed that his first PCRA petition was not time-barred.