J-A08005-22

2022 PA Super 76

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVAUGHN HIPPS | : | No. 603 WDA 2021 |

Appeal from the PCRA Order Entered May 18, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001149-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

OPINION BY BENDER, P.J.E.:                    **FILED: APRIL 29, 2022**

Appellant, the Commonwealth, appeals from the post-conviction court's May 18, 2021 order granting Davaughn Hipps' ("Hipps") second, untimely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and permitting Hipps to file a new, first PCRA petition on the basis that his initial post-conviction counsel acted ineffectively.  After careful review, we reverse.

The facts underlying Hipps' criminal convictions are not germane to the issues raised by the Commonwealth herein.  We need only discuss the procedural history of Hipps' case, which the PCRA court summarized, as follows:

> [Hipps] was charged with two (2) counts of possession with intent to deliver a controlled substance, namely heroin, pursuant to 35 P.S. § 780-113(a)(30); one count of possession of a controlled substance, namely heroin, pursuant to 35 P.S. § 780-113(a)(16)[;] and one count of criminal conspiracy pursuant to

18 Pa.C.S.[] § 903. The matter proceeded to a non-jury trial before the Honorable Judge Edward Borkowski on October 13, 2016. [Hipps] was found guilty of all counts. On January 26, 2017, [Hipps] was sentenced as follows: at count 1, [Hipps] was sentenced to serve two (2) to four (4) years['] incarceration in a state correctional institution; at count 4, [Hipps] was sentenced to serve two (2) to four (4) years['] incarceration in a state correctional institution consecutive to count 1; and no further penalty at the remaining counts. Thus, [Hipps'] total sentence was to serve four (4) to eight (8) years in a state correctional institution.

[Hipps] did not file post-sentence motions or a direct appeal. On May 23, 2017, [Hipps] filed a *pro se* petition for PCRA relief. Judge Borkowski appointed counsel to represent [Hipps] in this PCRA. An amended petition was filed on August 3, 2017[,] requesting that [Hipps'] post-sentence and appellate rights be reinstated. This PCRA [petition] was granted on August 4, 2017. Counsel for [Hipps] filed post-sentence motions, which were denied. Counsel for [Hipps] then filed an appeal to the Superior Court on October 17, 2017.

Ultimately, on April 12, 2019, [Hipps], through counsel, filed a *praecipe* to discontinue his appeal. On May 20, 2019, [Hipps] filed his first[, counseled] PCRA petition. On June 24, 2019, Judge Borkowski recused himself and this matter was reassigned to the undersigned. After review of [Hipps'] PCRA petition and the Commonwealth's answer thereto, this court issued a notice of [its] intention to dismiss [Hipps' petition] pursuant to Pa.R.Crim.P. 907(1) on the basis that [Hipps had] failed to sufficiently plead either of the issues raised in his PCRA petition as required by Pa.R.Crim.P. 902(A)(11) and (12). Pursuant to Pa.R.Crim.P. 905(B), this court ordered counsel for [Hipps, Thomas N. Farrell, Esq.,] to file an amended petition. [Attorney Farrell] filed an amended petition on October 10, 2019[,] wherein he raised the following issue: "[Hipps] received newly-discovered evidence that would have dramatically reduced his sentence." (Amended Petition[,] … 10/10/19, [at] 4). The "newly-discovered evidence" as pled by [Attorney Farrell] was as follows:

Following [Hipps'] conviction, [Hipps] provided police with information that was helpful in solving a homicide. [Hipps] told a third party, family member and that individual provided the information to Detective Steven Hitchings. (**See** certification). Detective Hitchings then used that

information in order to solve a homicide. (***See*** certification). Once [Hipps] provided police with a suspect, the police were able to confirm the suspect through DNA. (***See*** certification).

Therefore, based upon the information provided, [Hipps] asks for a reduction in sentence.

([***Id.***] … [at] 5).  On October 15, 2019, the Commonwealth filed an answer.  On October 22, 2019, this court issued another notice of [its] intention to dismiss pursuant to Pa.R.Crim.P. 907(1) and stated as follows:

It is evident from [Hipps'] amended petition that his claim of newly[-]discovered evidence is not based upon evidence that was unknown to him at the time of his non-jury trial or otherwise related to the facts underlying his conviction in any manner.  As such, [Hipps] failed to plead and prove his claim of newly[-]discovered evidence.

(…Order of Court[, 10/22/19, at 1 (single page)]).  On December 19, 2019, this court entered an order dismissing [Hipps'] petition. [Hipps] did not file an appeal to this order.

On May 19, 2020, [Hipps] filed a [*pro se*] motion to reinstate [his] appellate rights *nunc pro tunc* with the Department of Court Records.  For reasons unknown to the undersigned, [Hipps'] motion was not received by this court [and], thus[,] no action was taken.  On January 14, 2021, [Hipps] filed a *pro se* motion for [PCRA] relief.  In said PCRA, [Hipps] asked for his appellate rights to be reinstated.  On February 24, 2021, this court appointed current counsel for [Hipps].  On April 1, 2021, counsel for [Hipps] filed an amended petition.  On April 5, 2021, the Commonwealth filed an answer.

In [Hipps'] April 1, 2021 amended petition, he asserted that … [Attorney Farrell's] failure to raise non-frivolous claims[,] and/or raising only frivolous claims[, in Hipps' first PCRA petition] constitute[d] ineffective assistance of counsel *per se*.  The Commonwealth, in its answer, argued that [Hipps' present] PCRA [petition] is time-barred and[, because] no exception exists, … this court is without jurisdiction to take action on the petition. After careful consideration, on May 1[8], 2021, this court granted [Hipps'] petition[,] and stated as follows:

> This court finds that the issues raised in [Hipps'] first[,] counseled PCRA petition were frivolous and, consequently, [Hipps] was deprived of any meaningful PCRA review. While this court recognizes that [Hipps] and his second PCRA counsel failed to set forth what issues should have or could have been raised in the first PCRA [petition], this court finds [Hipps] should have the opportunity for meaningful review of potentially meritorious issues with his counsel. This court declines to find that asserting a plainly frivolous claim constitutes ineffective assistance of counsel *per se*, but rather finds that [Hipps'] first PCRA counsel was ineffective in this instance.
>
> (…Order of Court[, 5/18/21, at 1 (single page)]). The Commonwealth filed an appeal [from] this order. On June 8, 2021, the Commonwealth filed a [Pa.R.A.P. 1925(b) concise] statement of errors complained of on appeal….

PCRA Court Opinion ("PCO"), 7/26/21, at 1-5 (footnote and unnecessary capitalization omitted). The PCRA court filed its Rule 1925(a) opinion on July 26, 2021.

> Herein, the Commonwealth states one issue for our review:
>
> I. Whether the PCRA court erred by failing to conclude that [Hipps'] second PCRA petition was time[-]barred and without exception where the second PCRA petition was filed beyond the PCRA's one[-]year time limit but where, nevertheless, the PCRA court "reinstated *nunc pro tunc*" [Hipps'] right to file an "initial petition for relief" after the PCRA court summarily concluded that [Hipps'] first PCRA counsel was ineffective in representing [Hipps] without requiring [Hipps'] second PCRA petition to plead and prove all three prongs of an ineffectiveness claim in regards to first PCRA counsel's representation of [Hipps], particularly, where the PCRA court specifically <u>declined</u> to find that first PCRA counsel was ineffective *per se* in representing [Hipps]?

Commonwealth's Brief at 5 (unnecessary capitalization omitted; emphasis in original).

Preliminarily, we note that this Court's standard of review of a PCRA court order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).

The Commonwealth first contends that Hipps' "second PCRA petition was untimely filed and [he] failed to prove an exception to the PCRA's time-bar." Commonwealth's Brief at 16. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

> or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Hipps' judgment of sentence became final on April 12, 2019, when his direct appeal was discontinued. Thus, he had until April 12, 2020, to file a timely petition, making his *pro se* petition filed on January 19, 2021, patently untimely.[1] Thus, we agree with the Commonwealth that for the PCRA court to have jurisdiction to grant Hipps the relief it did, he was required to prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

---

[1] As set forth *supra*, Hipps' also filed a *pro se* petition on May 19, 2020, entitled, "Petition to Reinstate Appellant Rights '*Nunc Pro Tunc*' Due to Ineffectiveness of Counsel." The PCRA court acknowledged that it never ruled on this petition. **See** PCO at 4. However, we do not consider Hipps' January 19, 2021 petition as an amendment to his May 19, 2020 petition, as Hipps never sought, or was granted, leave to file an amended petition. **See** Pa.R.Crim.P. 905(A) (explicitly stating that amendment is permitted only by direction or leave of the PCRA court); **Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (concluding that a subsequent petition, even though labeled "supplement and amendment," did not constitute an amended petition where "there [was] no indication that [the] appellant ever requested, or the PCRA court ever granted, leave to amend the [original] petition"). Furthermore, the PCRA court's May 18, 2021 order from which the Commonwealth has appealed refers only to "Hipps' PCRA [p]etition dated January 14, 2021, [Hipps' a]mended [p]etition filed April 1, 2021, and the Commonwealth's Answer dated April 5, 2021…." Order of Court, 5/18/21, at 1 (single page). Thus, it is clear that the court did not consider Hipps' May 19, 2020 petition as part of the instant PCRA proceedings, and neither shall we.

- 6 -

In Hipps' petition, he argued that he has satisfied the newly-discovered-fact exception of section 9545(b)(1)(ii) based on his discovery that Attorney Farrell "fail[ed] to assert any non-frivolous claims, or, in the alternative, [he] assert[ed] … only frivolous claims" in Hipps' first, timely PCRA petition. Amended Petition, 4/1/21, at 5. According to Hipps, Attorney Farrell's conduct in this regard "deprived him of any meaningful PCRA merits review[,]" thus constituting "ineffective assistance of counsel *per se*…." ***Id.*** He stressed that "[c]ounsel['s] errors and omissions which preclude a petitioner from obtaining meaningful PCRA merits review constitute ineffective assistance of counsel *per se*." ***Id.*** at 5 (citing ***Commonwealth v. Rosado***, 150 A.3d 425, 429-30 (Pa. 2016); ***Commonwealth v. Peterson***, 192 A.3d 1123 (Pa. 2018); ***Commonwealth v. Parrish***, 224 A.3d 682 (Pa. 2020)). Consequently, Hipps argued in his petition that his discovery of Attorney Farrell's *per se* ineffectiveness satisfies the newly-discovered facts exception of section 9545(b)(1)(ii). Although the PCRA court found that Attorney Farrell's conduct did not constitute *per se* ineffectiveness, it nevertheless granted Hipps' petition on the basis that counsel had acted ineffectively, presumably under the general ***Strickland/Pierce*** standard.[2] On appeal, the Commonwealth contends that the court lacked jurisdiction to grant Hipps relief because his

---

[2] ***See Strickland v. Washington***, 466 U.S. 668 (1984); ***Commonwealth v. Pierce****,* 527 A.2d 973 (Pa. 1987) (requiring that, to prove counsel's ineffectiveness, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result).

claim did not meet any timeliness exception. For the reasons that follow, we agree.

Initially, Hipps cited in his petition three Supreme Court cases to support his claim that Attorney Farrell's conduct constitutes *per se* ineffectiveness that satisfies the newly-discovered-fact exception. We will discuss each case in turn. First, in **Peterson**, our Supreme Court held that *per se* ineffectiveness of counsel can, in certain circumstances, satisfy the timeliness exception of section 9545(b)(1)(ii). **See Peterson**, 192 A.3d at 1130. There, Peterson's attorney filed his "first PCRA petition one day late, thus precluding any merits or appellate review of [Peterson's] collateral claims." **Id.** at 1125. Our Supreme Court "conclude[d] that counsel's negligence *per se* in filing an untimely PCRA petition constitutes adequate grounds to permit the filing of a new PCRA petition beyond the one-year time bar pursuant to the exception in subsection 9545(b)(1)(ii)." **Id.**

In explaining the basis for its decision, the **Peterson** Court initially acknowledged that **Commonwealth v. Gamboa–Taylor**, 753 A.2d 780 (Pa. 2000), and its progeny generally preclude counsel's ineffectiveness from constituting a newly-discovered 'fact' for purposes of invoking the subsection 9545(b)(1)(ii) exception. **Peterson**, 192 A.3d at 1129 (citations omitted). The **Peterson** Court explained, however, that, "[i]n [**Commonwealth v.**] **Bennett**, 930 A.2d [1264 (Pa. 2007), it] … distinguished between the **Gamboa-Taylor** line of cases, pursuant to which petitioners assert claims of ineffectiveness for **partial** deprivations of appellate review, *i.e.*, attorney

- 8 -

errors in narrowing the issues for review, from instances in which petitioners assert claims of ineffectiveness resulting in **complete** deprivations of appellate review, *i.e.*, attorney errors that resulted in petitioners being dispossessed of any opportunity for appellate review." **Peterson**, 192 A.3d (citing **Bennett**, 930 A.2d at 1273; emphasis in original). The Court in **Peterson** explained that,

> the principle emanating from [the **Gamboa-Taylor**] line of cases, namely that PCRA counsel's ineffectiveness cannot be advanced as a newly-discovered "fact" for purposes of application of the subsection 9545(b)(1)(ii) exception to the PCRA's one-year time bar, has no application in cases where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims. In cases involving ineffectiveness *per se*, "subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control." [**Bennett**, 930 A.2d] at 1273.

**Id.** at 1130.

> Ultimately, the **Peterson** Court held that,

> [c]ounsel's untimely filing of Peterson's first PCRA petition constituted ineffectiveness *per se*, as it completely deprived Peterson of any consideration of his collateral claims under the PCRA. As a result, pursuant to **Bennett**, the Superior Court erred in reversing the PCRA court's ruling that Peterson, when filing his second PCRA petition, had successfully invoked the subsection 9545(b)(1)(ii) exception to the time bar. Counsel's ineffectiveness *per se* in connection with Peterson's first PCRA petition was a newly discovered "fact" and the PCRA court made factual findings that Peterson did not know about the untimely filing and could not have ascertained this fact through the exercise of due diligence. PCRA Court Memorandum and Order, 1/6/2016, at 2. Peterson filed his second PCRA petition within sixty days after he learned of the untimely-filed petition. 42 Pa.C.S. § 9545(b)(2).

*Id.* at 1130-31. Accordingly, the Court concluded that Peterson had pled and proven "an entitlement to invoke the subsection 9545(b)(1)(ii) exception to permit the filing of his second PCRA petition beyond the one-year time bar." *Id.* at 1132.

Second, Hipps cited to ***Rosado***, where defense counsel preserved three claims in Rosado's Rule 1925(b) statement, but then, on appeal, abandoned those three claims in favor of raising a single, unpreserved challenge to the sufficiency of the evidence. ***See Rosado***, 150 A.3d at 427. In holding that counsel's action constituted ineffectiveness *per se*, our Supreme Court found that counsel's "filing of a brief containing no preserved issue is functionally equivalent to not filing a brief—as was the case in ***Bennett***—and, in any event, … [c]ounsel's actions caused the complete forfeiture of merits review…." *Id.* at 428, 433.

Third, in ***Parrish***, our Supreme Court assessed whether counsel's filing of a vague Rule 1925(b) statement constituted ineffectiveness *per se*. The Court initially concluded that "the vacuous statement filed by PCRA counsel" was "so wholly lacking in comportment with Rule 1925(b)'s basic requirements that a finding of waiver [was] clearly warranted." ***Parrish***, 224 A.3d at 700. Next, the ***Parrish*** Court found that "PCRA counsel's filing of this type of deficient Rule 1925(b) statement constitutes ineffective assistance of counsel *per se*[,]" reasoning:

> As our Court observed in ***Rosado***, in the direct appeal context, "[t]here is no meaningful difference between an attorney who fails to file a notice of appeal, Rule 1925(b) statement, brief, or petition

for allowance of appeal — thereby forfeiting his client's right to appeal — and one who makes all necessary filings, but does so relative solely to claims he has not preserved for appeal, producing the same end. In both situations, counsel has forfeited all meaningful appellate review"; in both situations, counsel is therefore ineffective *per se*. **Rosado**, 150 A.3d at 434. Moreover, in **Peterson**, we held that these principles are equally applicable in PCRA proceedings, and thus we found counsel in that matter to be ineffective *per se* for depriving a PCRA petitioner of his right to collateral review by filing an untimely PCRA petition. **Rosado** and **Peterson** therefore stand for the proposition that, whenever PCRA counsel takes **any** action that **wholly deprives** his or her client of the right to appellate review of collateral claims, counsel will be deemed to be ineffective *per se*. Consequently, in the present case, PCRA counsel's filing of a vague Rule 1925(b) statement, which has completely forfeited [Parrish's] right to appellate review of all of his collateral claims, constitutes ineffective assistance of counsel *per se*.

**Id.** at 701-02 (some emphasis in original, some added).

Applying this law to the case before us, we conclude that Hipps has failed to demonstrate that Attorney Farrell's representation constituted ineffectiveness *per se*, as he did not **wholly deprive** Hipps of collateral review. Initially, we recognize that Attorney Farrell did not adequately develop the claims he raised on Hipps' behalf in his first amended petition filed on May 20, 2019. Therein, Attorney Farrell stated Hipps' issue as follows: "Petitioner received newly-discovered evidence that acts to exculpate him and was not available at the time of his conviction." Amended Petition, 5/20/19, at 4 (unnumbered). Attorney Farrell also set forth an ineffectiveness claim, stating, "Trial counsel gave ineffectiveness for failing to request boot camp as a potential sentence." **Id.** Given that counsel offered no discussion, argument, or citation to any legal authority to support these bald allegations,

- 11 -

he waived those claims, thus rendering them frivolous. ***See Commonwealth v. Briggs***, 12 A.3d 291, 326 n.34 (Pa. 2011) (concluding that an undeveloped claim is waived).

However, in the PCRA court's initial Rule 907 notice, it stated that it planned to dismiss Hipps' petition because he had "failed to sufficiently plead either of [his] issues," but it expressly granted Hipps "leave to file an amended petition so as to correct the above-stated errors." Order of Court, 9/19/19, at 2. Attorney Farrell thereafter filed a second, amended petition, making no mention of Hipps' ineffectiveness claim, but expounding on his newly-discovered-fact claim, as follows:

> [Hipps] provided information to police, and therefore [Hipps] should receive a benefit. During [Hipps'] sentencing before Judge Borkowski, [his] counsel[,] Charles Van Keuren from the Office of the Public Defender[,] stated the following:
>
>> As the [c]ourt is well aware[,] there was some hope that maybe we could resolve this case in some other fashion … [if c]ertain information was provided. [] Hipps has not provided that information.
>>
>> Throughout the course of negotiations[,] it was indicated that if he did provide information that was helpful, some, if not all[,] of these charges could be dismissed; or he could be given a Probationary Sentence.
>>
>> He has chosen not to make statements for a variety of reasons; among them, I believe he maintains that he was not there that day, and he had no information to give them. There could be other reasons; but I would request the [c]ourt not hold it against him that he did not provide any information as was being requested by the various authorities involved in this case.
>
> ([Sentencing Transcript, 1/26/17, at] 5-6.)

Following [Hipps'] conviction, [he] provided police with information that was helpful in solving a homicide. [Hipps] told a third party, family member and that individual provided the information to Detective Steven Hitchings. (*See* certification.) Detective Hitchings then used that information in order to solve a homicide. (*See* certification.) Once [Hipps] provided police with a suspect, the police were able to confirm the suspect through DNA. (*See* certification.)

Therefore[,] based upon the information provided, [Hipps] asks for a reduction in sentence.

WHEREFORE, [Hipps] respectfully requests an evidentiary hearing in order to address this issue.

Amended Petition, 10/10/19, at 3-4 (unnumbered; footnote omitted). Attorney Farrell also attached to this petition a certification stating that if a hearing were held, he intended to call Detective Hitchings to the stand. *See id.* at 5 (unnumbered).

The Commonwealth filed an answer to Attorney Farrell's amended petition, arguing that Hipps' claim was "wholly without merit" because "whatever he knew [and told Detective Hitchings] was known at the time he entered the guilty plea and was sentenced." Answer to Amended Petition, 10/15/19, at 7. The PCRA court then issued another Rule 907 notice, stating that, after considering "Hipps' PCRA petition filed May 20, 2019, the Commonwealth's Answer, [Hipps'] Amended Petition filed October 10, 2019, and the Commonwealth's Answer dated October 15, 2019," it "conducted another independent review of the record." Rule 907 Notice, 10/22/19, at 1 (single page). The court then explained that it intended to dismiss Hipps' petition because "[i]t is evident … that his claim of newly[-]discovered evidence is not based upon evidence that was unknown to him at the time of

- 13 -

his non-jury trial or otherwise related to the facts underlying his conviction in any manner.  As such, [Hipps] failed to plead and prove his claim of newly[-]discovered evidence." ***Id.***

This record convinces us that Hipps was not wholly denied his right to post-conviction collateral review.  In Attorney Farrell's amended petition, he set forth a newly-discovered-facts claim, detailed a factual basis for it, and provided a certification for the witness he intended to call at an evidentiary hearing.  The PCRA court accepted this amended petition and conducted another review of the record.  After doing so, the court dismissed Hipps' petition on the basis that his claim lacked merit, reasoning that the 'new fact' that Hipps allegedly discovered was previously known to him and did not impact the validity of his conviction.  In other words, the court did not dismiss Hipps' petition on the basis that his claim was undeveloped and/or waived, or frivolous in some other regard.  Instead, it found that the merits of his claim did not constitute an after-discovered fact.[3]  Therefore, unlike the circumstances in ***Rosado***, ***Peterson***, and ***Parrish***, Hipps was not completely deprived of his right to post-conviction review, and Attorney Farrell's conduct did not amount to *per se* ineffectiveness.  Because ***Peterson*** did not disturb

---

[3] Frivolousness and meritlessness are distinct concepts.  As our Commonwealth Court has explained, "frivolousness is a slightly higher standard than lack of merit; an argument may be meritless, but not frivolous." ***Zerby v. Shanon***, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citing ***Smith v. Commonwealth***, 574 A.2d 558, 562 (Pa. 1990)).

***Gamboa-Taylor***'s rule that general ineffectiveness claims cannot satisfy a timeliness exception, the PCRA court lacked jurisdiction to grant Hipps relief.[4]

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/29/2022

---

[4] We observe, however, that Hipps' May 19, 2020 petition – in which he claimed that Attorney Farrell ineffectively failed to file a notice of appeal from the denial of Hipps' first petition – is still apparently pending.  If the PCRA court reviews that petition and concludes that Attorney Farrell wholly deprived Hipps of his right to appellate review from the denial of his first petition, that conduct could potentially satisfy a timeliness exception under the case law discussed herein.  If the court ultimately reinstates Hipps' right to appeal from the denial of his first PCRA petition, he could attempt to challenge Attorney Farrell's representation under the ***Strickland/Pierce*** standard in that appeal. ***See Commonwealth v. Bradley***, 261 A.3d 381, 405 (Pa. 2021) (adopting a new rule that allows PCRA petitioners to "raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal").