J-S12042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONELL REESE BARBER :
:
Appellant : No. 1462 MDA 2022

Appeal from the PCRA Order Entered October 14, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001578-2017

BEFORE: KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: JULY 10, 2023**

Appellant, Donell Reese Barber, appeals from the order entered in the Lebanon County Court of Common Pleas (trial court), which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] without a hearing as untimely. We affirm.

On May 23, 2018, Appellant was convicted by a jury of attempted murder, two counts of aggravated assault, possession of a firearm by a prohibited person, discharge of a firearm into an occupied structure, and two counts of reckless endangerment. These convictions arose out of an incident on June 19, 2017, when Appellant fired a gun at a man (Victim 1) multiple

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

times and one of the bullets hit a bystander (Victim 2) in the face. Trial Court Order and Opinion, 1/12/22, at 2. Victim 1 identified Appellant as the shooter and Victim 2 did not identify Appellant. *Id.* at 2, 5. On August 1, 2018, the trial court sentenced Appellant to an aggregate 21 to 60 years' imprisonment. *Id.* at 3. Appellant filed a timely post sentence motion, which the trial court denied, and filed a timely appeal from his judgment of sentence. This Court affirmed Appellant's judgment of sentence on August 16, 2019. *Commonwealth v. Barber*, 221 A.3d 284 (Pa. Super. 2019) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On September 15, 2020, Appellant filed a timely counseled first PCRA petition in which he asserted claims that his trial counsel was ineffective for failing to obtain Victim 2's medical records and evidence that Victim 2 had open criminal charges against him at the time of trial and claims that the Commonwealth failed to provide Victim 2's medical records and criminal history in violation of its obligation to disclose material evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). The trial court held a hearing on these PCRA claims on November 1, 2021, at which Appellant and his trial counsel testified. On January 12, 2022, the trial court denied the PCRA petition on the grounds that trial counsel had a reasonable basis for not pursuing Victim 2's medical records and criminal history and that there was no reasonable probability that this evidence would have changed the outcome of Appellant's

trial. Trial Court Order and Opinion, 1/12/22, at 1, 4-8. No appeal was filed from the denial of Appellant's first PCRA petition.

On April 18, 2022, Appellant filed a *pro se* motion asserting that his PCRA counsel had abandoned him by failing to file a timely appeal from the dismissal of his first PCRA petition. On July 5, 2022, the trial court held a hearing on this issue, at which Appellant's PCRA counsel admitted that no appeal was filed but contended that he did not receive the January 12, 2022 order denying the PCRA petition, and Appellant stated that he wanted to appeal the denial of the PCRA petition. N.T., 7/5/22, at 3-4. On July 8, 2022, the trial court entered an order permitting Appellant to file an appeal from January 12, 2022 denial of his first PCRA petition *nunc pro tunc*, appointing new PCRA counsel to represent Appellant (second PCRA counsel), and ordering second PCRA counsel to file the appeal within 30 days. Trial Court Order, 7/8/22.

Notwithstanding the clear language of the July 8, 2022 order and Appellant's expressed desire to appeal, second PCRA counsel failed to timely appeal the denial of Appellant's first PCRA petition and instead filed a second PCRA petition on Appellant's behalf on September 8, 2022, after the appeal deadline had expired. In this second PCRA petition, Appellant asserted all of the claims of ineffectiveness of trial counsel and one of the **Brady** claims that were in his first PCRA petition and also asserted a claim that evidence concerning a bench warrant in another case was newly discovered evidence

that would have required suppression of evidence against him. Second PCRA Petition at 2-5. On October 5, 2022, second PCRA counsel filed an amended second PCRA petition on Appellant's behalf asserting all of the claims in the second PCRA petition, adding claims that trial counsel was ineffective for failing to call two witnesses to the shooting, failing to request a jury instruction on eyewitness identification, and failing to object with respect to evidence concerning a 911 call, and adding a **_Brady_** claim concerning the 911 call. Amended Second PCRA Petition at 2-6. The Commonwealth moved to dismiss Appellant's second PCRA petition and the trial court, on October 14, 2022, dismissed Appellant's second PCRA petition and Appellant's amended second PCRA petition on the ground that the second PCRA petition was time-barred. Trial Court Order and Opinion, 10/14/22. Appellant timely appealed the dismissal of his second PCRA petition on October 18, 2022.

Appellant in this appeal raises arguments the second PCRA petition was timely filed, arguments concerning the merits of claims in the first PCRA petition, second PCRA petition and amended second PCRA petition, and an additional claim that a portion of his sentence was illegal. Because the issue of untimeliness of the second PCRA petition is dispositive, we do not address the merits of any of Appellant's claims for PCRA relief.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). Under the PCRA, a

judgment becomes final on the date that all direct review of the defendant's judgment of sentence has ended and the time for seeking further direct review has expired. 42 Pa.C.S. § 9545(b)(3); **Commonwealth v. Wharton**, 263 A.3d 561, 570 (Pa. 2021); **Commonwealth v. Kennedy**, 266 A.3d 1128, 1132-33 (Pa. Super. 2021).

A PCRA petition may be filed beyond this one-year time period only if the defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). These exceptions apply only if the defendant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); **Commonwealth v. Stahl**, 292 A.3d 1130, 1134 (Pa. Super. 2023); **Commonwealth v. Hipps**, 274 A.3d 1263, 1267 (Pa. Super. 2022). The PCRA's time bar is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition. **Commonwealth v. Fahy**, 737 A.2d 214, 222-23 (Pa. 1999); **Stahl**, 292 A.3d at 1134; **Hipps**, 274 A.3d at 1267. This bar to PCRA relief applies even where

the defendant claims that his sentence is illegal. *Fahy*, 737 A.2d at 223; *Commonwealth v. Jackson,* 30 A.3d 516, 521-23 (Pa. Super. 2011).

This Court affirmed Appellant's judgment of sentence on August 16, 2019, and Appellant did not file a petition for allowance of appeal. Appellant's judgment of sentence therefore became final on September 16, 2019, when the thirty-day period for filing a petition for allowance of appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. His time limit for filing any PCRA petition was therefore September 16, 2020. Appellant's second PCRA petition, filed on September 8, 2022, almost two years beyond that deadline, is untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii).

Appellant argues that the second PCRA petition is timely even if he has not satisfied any of the exceptions in in Sections 9545(b)(1)(i)-(iii) because the judgment from which the PCRA's one-year period runs is the denial of his first PCRA petition and because he is claiming ineffectiveness of prior PCRA counsel. Those arguments are patently without merit. The PCRA expressly provides that all PCRA petitions, "including a second or subsequent petition," must be filed within one year of the date that the judgment becomes final and that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(1), (3).

The fact that Appellant is claiming ineffectiveness of PCRA counsel does not alter this time bar. *Commonwealth v. Bradley*, 261 A.3d 381, 403-04 & n.18 (Pa. 2021); *Commonwealth v. Crews*, 863 A.2d 498, 503 (Pa. 2004); *Stahl*, 292 A.3d at 1135-36. Our Supreme Court held in *Bradley* that a defendant may raise claims of ineffective assistance of PCRA counsel for the first time during an appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant until the appeal. 261 A.3d at 401-05. The Supreme Court, however, made it clear that ineffectiveness of PCRA counsel in litigating a timely PCRA petition or in failing to raise other issues in a timely PCRA petition does not satisfy any exception to the PCRA's time-bar or permit a defendant to file a PCRA petition more than one year after the end of all direct review of the judgment of sentence and expiration of deadlines for seeking direct review. *Bradley*, 261 A.3d at 403-04 & n.18; *Stahl*, 292 A.3d at 1135-36.[2] The fact that Appellant

_____

[2] A narrow exception to the rule that ineffectiveness of PCRA counsel cannot satisfy a timeliness exception exists where there is a failure of counsel to timely file a PCRA petition or comply with deadlines in a PCRA appeal that wholly deprives the defendant of any PCRA review or of any appellate review of denial of a PCRA petition. *Commonwealth v. Peterson*, 192 A.3d 1123, 1129-32 (Pa. 2018); *Commonwealth v. Bennett*, 930 A.2d 1264, 1272-74 (Pa. 2007); *Hipps*, 274 A.3d at 1268-72. Here, there was no failure by prior PCRA counsel to timely file and litigate a PCRA petition. The only conduct of prior PCRA counsel that denied Appellant any PCRA review was his failure to appeal the January 12, 2022 order denying Appellant's first PCRA petition. The only remedy for that ineffectiveness was the restoration of Appellant's appeal rights, which the trial court granted, not an additional time period for filing a new PCRA petition. *Hipps*, 274 A.3d at 1265-66, 1271-72 & n.4.

is asserting ineffectiveness of prior PCRA counsel therefore does not make the second PCRA petition timely.

The only assertion that Appellant makes with respect to any of the Section 9545(b)(1)(i)-(iii) timeliness exceptions is the argument that one of the claims in his second PCRA petition, his newly discovered evidence claim, satisfies Section 9545(b)(1)(ii)'s exception for newly discovered facts. That contention likewise fails. To satisfy the timeliness exception for newly discovered facts, the defendant must demonstrate both that he did not know the facts upon which he based the PCRA claim more than one year before the PCRA petition was filed and that he could not have learned of those facts earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii), (b)(2); **Commonwealth v. Lopez**, 249 A.3d 993, 999 (Pa. 2021); **Commonwealth v. Howard**, 285 A.3d 652, 658-59 (Pa. Super. 2022).

Appellant's newly discovered evidence claim alleges that his June 22, 2017 arrest in this case was without probable cause because it was based on an outstanding bench warrant and a secure docket sheet for that other case that he did not receive before his trial in this case showed that the bench warrant was no longer outstanding. Second PCRA Petition at 3-4 ¶¶16-31 & Ex. A. Appellant, however, has alleged only that he did not know this information at the time of his trial in 2018 and did not have access to it in the normal course of discovery for that trial. **Id.** at 4 ¶¶28-31. Appellant did not allege when he learned this information or that he learned it after September

- 8 -

8, 2021. Indeed, in his brief in this Court, Appellant asserts only that the information "was unknown to Appellant at the time of trial." Appellant's Brief at 13.

Appellant also has not alleged what efforts he made to obtain the docket sheet, when he made those efforts, or that he could not have obtained the docket sheet before September 8, 2021, if he had attempted to do so. Moreover, it appears from Appellant's second PCRA petition that Appellant had notice in 2017, before trial, that the bench warrant in the other case was not outstanding at the time of his arrest in this case, as the reason the bench warrant was not outstanding is that Appellant had already been arrested on that warrant and Appellant would have known of his arrest on that warrant when it happened on May 24, 2017. *Id.* at 3 ¶¶16-20 & Ex. A at 1, 4. Appellant therefore failed to demonstrate that he did not know of the bench warrant's invalidity as a basis for his arrest in this case before September 8, 2021, one year before he filed the second amended PCRA petition, and failed to demonstrate that he could not have learned that information before September 8, 2021, if he had exercised due diligence. Section 9545(b)(1)(ii) accordingly has no applicability here and cannot make any portion of the second PCRA petition timely.

Because Appellant's second PCRA petition was filed more than one year after his judgment of sentence became final and he has not shown that it is timely under any of the PCRA's time-bar exceptions, the trial court properly

dismissed that PCRA petition without a hearing. We therefore affirm the trial court's dismissal of Appellant's second PCRA petition and amended second PCRA petition as untimely.[3]

Order affirmed. Counsel representing Appellant in this appeal is directed to file with this Court, within 10 days, a certification that he has provided a copy of this decision to Appellant.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/10/2023

_____

[3] We note that our ruling here does not leave Appellant without any remedy. Second PCRA's counsel's failure to file an appeal of the January 12, 2022 order on or before August 8, 2022 constitutes ineffective assistance of counsel that completely deprived Appellant of appellate review of the denial of his timely first PCRA petition and thus falls within the exception discussed *supra*, in footnote 2. A PCRA petition seeking a new restoration of Appellant's right to appeal the January 12, 2022 order could therefore satisfy Section 9545(b)(1)(ii)'s exception to the PCRA's time bar. **Bennett**, 930 A.2d at 1272-74; **Hipps**, 274 A.3d at 1268-70, 1272 n.4.