J-A09026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DEREK VASOS | : | No. 64 WDA 2023 |

Appeal from the PCRA Order Entered December 19, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002087-2017

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: May 7, 2024**

The Commonwealth of Pennsylvania appeals the order granting a new trial to Derek Vasos pursuant to the Post Conviction Relief Act (PCRA).  42 Pa.C.S.A. §§ 9541–9546.  The PCRA court found trial counsel was ineffective for failing to request a jury instruction on voluntary manslaughter.  The Commonwealth disputes this finding.  After careful review, we affirm.

In the early morning on February 5, 2017, Vasos left a private club in Pittsburgh and sat in the front passenger seat of an Uber car, a Toyota Corolla. The driver started to drive and then stopped.  Donald Ketter, the victim, was standing in the narrow avenue and blocking traffic.  There was another car behind the Corolla; its driver sounded the horn.  Immediately thereafter, Vasos reached over and sounded the Corolla's horn.  Ketter then approached the Corolla.  Vasos yelled for the Uber driver to go, but the driver did not immediately start driving.  (The Corolla had been shifted into neutral gear.)

While still in the car, Vasos then shot Ketter once through the open passenger window. Ketter died. Police charged Vasos with, *inter alia*, criminal homicide.

Vasos proceeded to a jury trial beginning on October 23, 2017. He was represented by two attorneys. Vasos testified at trial that Ketter, whom he had never met, wrapped a belt around his hand, screamed expletives, charged at the car like he wanted to fight, and tried to enter the car. Vasos said that Ketter had reached into his coat and had a metal object in his hand; Vasos did not know what it was. Vasos stated that when Ketter came through the open car window and the Uber driver did not start driving, Vasos ducked and used his non-dominant left hand to draw his gun and shoot from inside the car out of fear for his life.

The trial court instructed the jury about the law applicable to the case, including self-defense under Section 505 of the Crimes Code. However, trial counsel did not request—and the trial court did not provide—an instruction on "unreasonable belief" voluntary manslaughter. **See** 18 Pa.C.S.A. § 2503(b).

The jury found Vasos guilty of murder of the third degree. On January 25, 2018, the trial court sentenced Vasos to 15 to 30 years of imprisonment, followed by 10 years of probation. Vasos filed a post-sentence motion, which the trial court denied. Vasos appealed from his judgment of sentence.

Among the issues on direct appeal, Vasos challenged the sufficiency of the evidence and claimed that the trial court erred by not instructing the jury on voluntary manslaughter. As to Vasos' sufficiency claim, this Court ruled that the evidence was sufficient to disprove self-defense; the jury could have

found Vasos' belief that he was in danger was unreasonable. *Commonwealth v. Vasos*, No. 467 WDA 2018, 2020 WL 3056121, at *5 (Pa. Super. June 9, 2020) (non-precedential decision). On Vasos' jury instruction issue, we found that Vasos had failed to preserve his claim before the trial court. *Id.* at *8. This Court rejected Vasos' remaining claims and affirmed his judgment of sentence. We denied reargument on August 19, 2020. Vasos did not petition the Supreme Court of Pennsylvania for discretionary review.

On August 28, 2021, Vasos filed a timely, counseled PCRA petition, his first. Vasos claimed that his trial counsel had been ineffective in several ways, including by failing to request a jury instruction on voluntary manslaughter. The Commonwealth filed an answer on March 7, 2022, denying that trial counsel had been ineffective.

The PCRA court held a hearing on Vasos' petition on December 19, 2022. Vasos presented testimony from both of his trial counsel, who explained their treatment of the jury instruction issue:

> Q. Ultimately, the jury was not instructed on [voluntary manslaughter], correct?
>
> A. That's correct. Because my office -- this wasn't something that wasn't thought about. [Co-counsel] and I had spent a tremendous amount of time on this case and the trial, to say the least, regardless of the animosity between the families, the dogs, and the courtroom always being secured.
>
>     We were also very aware [that the trial judge], who I had tried murder cases and tried many cases in front of, seemed a tad hostile toward our overall effort. And there was a juncture -- I read the Superior Court opinion on [Vasos] as well. . . .

- 3 -

> [After Vasos testified, co-counsel] and I are back in the office and we're going back and forth on voluntary manslaughter. And I said, "He's going to deny it anyway. Keep it out. He's already made the representation that he's not going to grant it."
>
> Now, looking back, that was a mistake. I should have still had him make that decision. We should have had that jury instruction in there. Quite frankly, it should have been in there but it wasn't. It wasn't. And that's the story behind the reasoning.

N.T., 12/19/22, at 18–20; **see id.** at 51 (co-counsel testifying, "There was no strategic basis" for not requesting an instruction on voluntary manslaughter).

After hearing argument, the PCRA court ruled that Vasos had proven that his trial counsel had been ineffective for failing to request a voluntary manslaughter instruction. The court thus granted Vasos' petition and ordered a new trial. The Commonwealth timely appealed. The Commonwealth complied with Pennsylvania Rule of Appellate Procedure 1925(b), and the PCRA court thereafter entered an opinion in support of its order.

The Commonwealth presents one issue for review:

> Whether the PCRA court erred when it found ineffective assistance of counsel where instructing the jury on unreasonable belief voluntary manslaughter was not supported by the evidence, trial counsel made a strategic decision not to request the instruction, and Vasos did not suffer any prejudice by any failure to charge the jury with voluntary manslaughter.

Commonwealth's Brief at 4.

On appeal from an order granting PCRA relief, this Court reviews "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Hipps**, 274 A.3d 1263, 1266 (Pa. Super. 2022).

By statute, a PCRA court can afford relief to a petitioner who demonstrates that his "conviction or sentence resulted from" "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). In Pennsylvania, we frame the ineffectiveness inquiry as follows:

> [W]e begin, as we must, with the presumption that counsel acted effectively. *See, e.g.*, *Commonwealth v. Robinson*, 82 A.3d 998, 1005 (Pa. 2013). To prove otherwise, a petitioner must satisfy the performance and prejudice standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), by a preponderance of the evidence. This Court has applied the *Strickland* test by requiring a petitioner to establish three elements: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice because of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different absent the error. *See Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

*Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023) (citations altered).

Here, the Commonwealth challenges the rulings of the PCRA court on each element of the *Strickland*/*Pierce* test. We address them in turn.

**First**, the Commonwealth disputes that there is arguable merit to Vasos' claim. It argues that the evidence at trial did not support an instruction on voluntary manslaughter.

A defendant is entitled to instructions on self-defense and voluntary manslaughter, under Sections 505 and 2503(b) of the Crimes Code, if there

- 5 -

is "some evidence, from whatever source, to justify such a finding" introduced at trial. *Mouzon*, 53 A.3d at 740; *accord Commonwealth v. Green*, 273 A.3d 1080, 1087–88 (Pa. Super. 2022). It is reversible error to deny a requested instruction on voluntary manslaughter "if there is sufficient evidence to support the verdict." *Green*, 273 A.3d at 1087 n.7, 1089. Even if a self-defense instruction is not required because there is no evidence that the defendant's belief was reasonable, a defendant may still be entitled to a voluntary manslaughter instruction based on the evidence before the jury. *See id.* at 1086–87.

Pennsylvania defines self-defense by statute. 18 Pa.C.S.A. § 505(a). At trial, the Commonwealth may overcome a claim of self-defense with any one of three elements—belief, provocation, or duty to retreat—that the statute sets as limits to justify the necessity for using deadly force:

> The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:
>
> (i) the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or
>
> (ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating, except the actor is not obliged to retreat from his dwelling or place of work, unless he was the initial aggressor or is assailed in his place of work by another person whose place of work the actor knows it to be.

18 Pa.C.S.A. § 505(b)(2).

The first element, the defendant's belief, has objective and subjective components. ***Commonwealth v. Mouzon***, 53 A.3d 738, 752 (Pa. 2012). The Commonwealth can overcome a claim of self-defense by proving either that the defendant did not believe force was necessary or that his belief was unreasonable. ***Id.***

However, under the theory of "imperfect self-defense," Section 2503(b) lowers the grading of a homicide to voluntary manslaughter if a defendant had a *subjectively real* yet *objectively unreasonable* belief about the necessity of force. ***Commonwealth v. Sepulveda***, 55 A.3d 1108, 1124 (Pa. 2012). "A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under [Section 505], but his belief is unreasonable." 18 Pa.C.S.A. § 2503(b). Notably, the other limitations to self-defense still apply. ***Sepulveda***, 55 A.3d at 1124–25. The Commonwealth can thus overcome an imperfect self-defense claim by proving any other element—that the defendant provoked the use of force with the requisite intent or violated a duty to retreat (or that he lacked a subjective belief about the necessity of force). ***Id.***

Here, the Commonwealth asserts that Vasos provoked Ketter (by sounding the Corolla's horn and yelling), failed to retreat (by not closing the window), and was the only person who used deadly force. Further, the Commonwealth opines that because no witness, including Vasos, testified that Ketter was armed, it is inconceivable that Vasos was in fear for his life.

Because Vasos was not "free from fault" in provoking Ketter and did not retreat, the Commonwealth submits that a voluntary manslaughter instruction was not required. We disagree.

Vasos would have been entitled to a voluntary manslaughter instruction if trial counsel had requested one. Vasos' own testimony about his mental state provided "some evidence" that he subjectively believed he had to use deadly force to avoid Ketter's attack. *Mouzon*, 53 A.3d at 740. Vasos' testimony is also evidence that he did not provoke Ketter "with the intent of causing death or serious bodily injury." 18 Pa.C.S.A. § 505(b)(2)(i). Vasos testified that he sounded the Corolla's horn in response to the driver behind him, not to start a fight with an unknown pedestrian. And Vasos' description of the fast pace of the encounter supports a finding that rolling up the window would not have been a viable way to avoid the perceived threat, even assuming that a duty to retreat encompasses closing a window. 18 Pa.C.S.A. § 505(b)(2)(ii).

We therefore agree with the PCRA court's assessment of the merits:

During the defense case, [Vasos] testified that [Ketter] was the aggressor. [Vasos] testified that [Ketter] charged toward him, brandishing a belt, while reaching in his pocket for what [Vasos] believed to be a weapon. [Ketter] reached into the window of the vehicle toward [Vasos. Vasos] testified that he feared for his life, and, as a result, he blindly fired his weapon at [Ketter] because he believed he was at risk of grave danger. In this Court's view, these facts warranted a jury instruction regarding voluntary manslaughter and, importantly, the jury was never presented with an opportunity to evaluate whether these facts established that [Vasos] had an unreasonable belief that deadly force was required to save his life.

> [The trial verdict] does not, in any way, exclude the possibility that [Vasos'] use of deadly force occurred based on [Vasos'] unreasonable belief that he needed to use such deadly force to protect himself. The claim raised by [Vasos] is, therefore, of at least arguable merit. This Court firmly believes that trial counsel's failure to request the instruction deprived [Vasos] of the opportunity to have a jury determine whether [Vasos] unreasonably believed his use of deadly force was necessary.

PCRA Court opinion, 8/3/23, at 7–8. The PCRA court did not err in concluding that Vasos satisfied the first prong of the *Strickland*/*Pierce* standard.

**Second**, the Commonwealth submits that trial counsel had a reasonable basis for failing to request an instruction on "unreasonable belief" voluntary manslaughter: the trial court would have refused it. *See* Trial Court Opinion, 7/3/19, at 15–16 (citing the Uber driver's testimony to support the trial court's refusal to instruct on imperfect self-defense). The Commonwealth notes that trial counsel had considered asking for the instruction, but it suggests that doing so would have been futile, and counsel would not want to upset the trial court. The Commonwealth also argues that counsel had a strategic basis not to request an instruction on a lesser offense because they determined that Vasos' chances were "better with an all-or-nothing defense."

Vasos responds that the Commonwealth waived this issue before the PCRA court. We decline to find waiver. At the hearing, the prosecutor acknowledged that the Commonwealth had no evidence to refute trial counsel's testimony that there was no strategic basis for failing to seek an instruction. However, the prosecutor denied that she was conceding the second prong of trial counsel's ineffectiveness. N.T., 12/19/22, at 70–72. The

- 9 -

burden remained with Vasos to prove every element of the **Strickland/Pierce** standard, including that there was no reasonable basis for trial counsel's failure to request a voluntary manslaughter instruction. **Johnson**, 289 A.3d at 979. We thus address the merits.

In general, "counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012). A PCRA petitioner must prove "that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Id.** Relevantly, a decision to seek an acquittal rather than pursue a different defense may be effective "if there is a reasonable basis for the strategy chosen." **Commonwealth v. Williams**, 980 A.2d 510, 528 (Pa. 2009) (citing **Commonwealth v. Spotz**, 896 A.2d 1191, 1218 (Pa. 2006)).

Here, trial counsel admitted that failing to request an instruction on voluntary manslaughter was a mistake made without a reasonable basis. The PCRA court was free to accept this testimony. Although pursuit of an "all-or-nothing" defense can be a reasonable strategy, Vasos demonstrated that trial counsel did not use this strategy; instead, trial counsel argued a voluntary manslaughter theory leading up to trial but failed to request this instruction. Requesting an instruction that Vasos was entitled to receive would have offered a significantly greater potential for success, either by allowing the jury to consider a lesser offense than murder or by preserving a meritorious issue for appeal. The PCRA court properly concluded, from trial counsel's concession

and the facts of this case, that there was no reasonable basis for failing to ask for a voluntary manslaughter instruction.

**Third**, the Commonwealth faults the PCRA court for using an incorrect "structural error" standard of prejudice. The Commonwealth contends that if the PCRA court had applied the correct standard, Vasos would not have met his burden to prove that the outcome of his trial would have been different if the jury was instructed as to voluntary manslaughter.

Vasos responds that any hesitation by the PCRA court resulted from the Commonwealth's insistence on an overly stringent standard for prejudice. As the PCRA court articulated in its opinion, Vasos argues that he met his burden under the applicable *Strickland*/*Pierce* standard.

Prejudice under the PCRA is "a reasonable probability the result of the proceeding would have been different" without trial counsel's error. *Johnson*, 289 A.3d at 979. To receive relief, a PCRA petitioner must show "a probability that is sufficient to undermine confidence in the outcome of the proceedings." *Commonwealth v. Daniels*, 104 A.3d 267, 281 (Pa. 2014). This is a lesser standard than a preponderance of the evidence. *Strickland*, 466 U.S. at 693.

Notably, the PCRA prejudice assessment differs from a federal "structural error" standard, which provides for automatic reversal in "a very

limited class of cases." ***Commonwealth v. Williams***, 141 A.3d 440, 472 n.32 (Pa. 2016) (quoting ***Neder v. United States***, 527 U.S. 1, 8 (1999)).[1]

Here, the PCRA court referred to a "structural" issue at the hearing. The court emphasized the inherent prejudice of an error that prevents the jury from hearing applicable law about a lesser offense:

> I do believe there is a structural issue when the jury is not given an instruction that is basic to the facts of the case. You don't have to believe the defendant's testimony. You don't have to give any credit to it whatsoever. But if it's in the record, if those facts are placed before the jury, the defendant has a right that the jury be instructed properly on the facts, even if they are incredible from one side's point of view.
>
> That was not done in this case. . . .
>
> . . . I don't have the ability, in my view, to go back and say what would this jury have done, however many years ago, had they been instructed? I don't think there is enough evidence for me, sitting in review of this case today, to say there is a reasonable probability that the verdict would have been different.
>
> But I do believe that when it comes down to something structural, as we're calling this jury instruction. I do believe when counsel pursues it from the very start and gets cut off by the judge for continuing to pursue it, I do think that is an issue we need to look at.

N.T., 12/19/22, 182–84.

However, this was not the PCRA court's final word on the matter. In its Rule 1925(a) opinion, the PCRA court recited the correct standard for prejudice. PCRA Court Opinion, 8/3/23, at 5. It then discussed its findings

---

[1] The class of cases to which federal courts apply a structural error standard does ***not*** include a jury instruction that omits an element of an offense; for such issues, courts assess prejudice. ***Neder***, 527 U.S. at 9.

and, importantly, concluded that trial counsel's failure "prejudiced [Vasos] because it undermined confidence in the verdict." *Id.* at 8.

Upon review, we conclude that the PCRA court properly applied the law to the facts of this case. Vasos testified at trial consistently with a self-defense theory: he shot Ketter out of fear for his life, he did not intend to provoke Ketter by sounding the Corolla's horn, and he was unable to retreat because he was a passenger in a car. The verdict of murder of the third degree is consistent with the jury determining that Vasos' fear was unreasonable. The jury, however, was not instructed that this finding supported the lesser verdict of voluntary manslaughter. This is enough to undermine confidence in the outcome of Vasos' case.

In conclusion, Vasos produced sufficient evidence at the PCRA hearing to prove that his trial counsel had been ineffective by failing to request a voluntary manslaughter instruction. This evidence supports the PCRA court's conclusion, which is otherwise free of legal error. Therefore, the PCRA court properly granted Vasos a new trial, and we affirm the PCRA court's order.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/7/2024