J-S01044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD EUGENE WINDON JR. | : | |
| | : | |
| Appellant | : | No. 1113 MDA 2023 |

Appeal from the PCRA Order Entered July 18, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006069-2018

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JULY 31, 2024**

Appellant, Donald Eugene Windon Jr., appeals *pro se* from the order entered in the York County Court of Common Pleas that dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] as untimely. For the reasons set forth below, we affirm.

Appellant was convicted by a jury on September 26, 2019 of rape by forcible compulsion, statutory sexual assault, involuntary deviate sexual intercourse (IDSI) by forcible compulsion, IDSI, incest of a minor, indecent assault, and corruption of minors for sexually assaulting his fourteen-year-old niece (Victim).  N.T. Trial at 613-16.  On December 31, 2019, the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

sentenced Appellant to an aggregate 10 to 20 years' incarceration. N.T. Sentencing at 11-17. Appellant initially did not timely appeal, but his appellate rights were reinstated by the trial court. Trial Court Order, 4/8/20. Appellant thereafter filed a timely appeal from his judgment of sentence but discontinued that appeal on October 23, 2020 and filed a timely counseled first PCRA petition on February 9, 2021.

In this first PCRA petition, Appellant asserted a single claim for relief, that trial counsel was ineffective in failing to file a written pretrial motion as required under the Rape Shield Law, 18 Pa.C.S. § 3104, to introduce evidence that Victim had requested and been denied a "morning-after pill" before she made her accusation against Appellant. 2021 PCRA Petition at 18-30. On April 13, 2021, the PCRA court denied Appellant's first PCRA petition.

Appellant timely appealed the denial of his first PCRA petition. Shortly after the appeal was filed, Appellant's PCRA counsel was permitted to withdraw and new PCRA counsel was appointed to represent Appellant on May 28, 2021. 498 MDA 2021 Order, 5/25/21; PCRA Court Order, 5/28/21. On March 4, 2022, this Court affirmed the order denying his first PCRA petition. *Commonwealth v. Windon*, 276 A.3d 211, No. 498 MDA 2021 (Pa. Super. 2022) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on September 7, 2022. *Commonwealth v. Windon*, 284 A.3d 880 (Pa. 2022).

On January 24, 2023, Appellant filed the instant *pro se* second PCRA petition.[2] In this PCRA petition, Appellant asserted that his PCRA counsel was ineffective for failing to plead a claim that trial counsel was ineffective in advising him to reject a Commonwealth plea offer under which he would have pled guilty to statutory sexual assault, indecent assault, and corruption of minors and received a sentence of $2^1/_2$ to 5 years' incarceration. 2023 PCRA Petition at 3-6. On June 23, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss this PCRA petition without a hearing on the ground that it was time-barred. Appellant filed a *pro se* response to the PCRA court's Rule 907 notice setting forth grounds on which he contended that the PCRA petition was timely. On July 18, 2023, the PCRA court dismissed the PCRA petition as untimely, and Appellant timely appealed that order to this Court.

In this appeal, Appellant argues that his second PCRA petition was timely on the same two grounds that he raised in his response to the PCRA court's Rule 907 notice: (1) that it was timely under our Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), and (2)

---

[2] Although this PCRA petition was docketed on January 26, 2023, the record shows that Appellant mailed it on January 24, 2023. Under the prisoner-mailbox rule, a document is considered filed on the date that the *pro se* inmate delivered it to prison authorities for mailing, regardless of when it is received. **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019).

that it was timely because appellate PCRA counsel waived the only issue that he raised. Neither of these arguments has merit.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA claim. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999); *Commonwealth v. Hipps*, 274 A.3d 1263, 1267 (Pa. Super. 2022).

Appellant's judgment of sentence became final on October 23, 2020, when he withdrew his appeal to this Court. 42 Pa.C.S. § 9545(b)(3); *Commonwealth v. Woolstrum*, 271 A.3d 512, 514 (Pa. Super. 2022). Appellant's second PCRA petition was filed in January 2023, more than two

- 4 -

years after his judgment of sentence became final and is therefore untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Section 9545(b)(1)(i)-(iii).

In his first argument, Appellant asserts that under **Bradley**, his second PCRA petition is an extension of his timely first PCRA petition because he allegedly had no opportunity to raise his claim of ineffectiveness of PCRA counsel until after the appeal concerning his first PCRA petition had concluded. This argument is both contrary to the law and contrary to the record in this case.

In **Bradley**, our Supreme Court addressed the problem of when a defendant may raise claims of ineffective assistance of PCRA counsel and held that such claims may be raised in an appellate court for the first time during an appeal from the denial of a timely filed first PCRA petition if the PCRA counsel in question represented the defendant until the appeal. 261 A.3d at 401-05. **Bradley**, however, did not create an exception to the PCRA's time limit for PCRA petitions filed in the court of common pleas after conclusion of the appeal of the denial of a timely first PCRA petition. **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023). To the contrary, the Supreme Court made clear in **Bradley** that ineffectiveness of PCRA counsel in failing to raise additional issues in a timely PCRA petition does not satisfy any exception to the PCRA's time-bar or permit a defendant to file a PCRA petition after the

conclusion of the appeal concerning the first PCRA petition. **Bradley**, 261 A.3d at 403-04 & n.18; **Stahl**, 292 A.3d at 1136.

Here, Appellant did not raise his claim of ineffectiveness of PCRA counsel during his appeal, as permitted by **Bradley**. Instead, he filed it in the court of common pleas three months after his appeal from the denial of his first PCRA petition was over as a new PCRA petition alleging that PCRA counsel was ineffective for failure to raise an additional issue. Because such a claim of ineffectiveness of PCRA counsel does not satisfy any exception to the PCRA's time-bar and his second PCRA petition was filed more than one year after his judgment of sentence became final in October 2020, his claim that PCRA counsel was ineffective in failing to assert that trial counsel was ineffective with respect to the Commonwealth's plea offer was untimely and was properly dismissed by the PCRA court. **Stahl**, 292 A.3d at 1135-36.

Moreover, Appellant's claim that he did not have an opportunity to raise this claim during the appeal from the denial of his first PCRA petition is simply inaccurate. Appellant knew that PCRA counsel had not raised any claim that trial counsel was ineffective with respect to the Commonwealth's plea offer at the time that his timely first PCRA petition was filed in February 2021, as Appellant signed a verification stating that he had read the PCRA petition. 2021 PCRA Petition, Appendix A. Appellant was not represented by that first PCRA counsel or by counsel affiliated with first PCRA counsel on appeal, PCRA Court Order, 5/28/21, and therefore could have asserted the ineffectiveness

of his first PCRA counsel in failing to raise a claim concerning the Commonwealth's plea offer in this Court.

Appellant's second argument fails because it is contrary to the record. A narrow exception to the rule that ineffectiveness of PCRA counsel cannot satisfy a timeliness exception exists where there is a complete default by PCRA counsel that wholly deprives the defendant of any PCRA review or of any appellate review of the denial of a PCRA petition. *Commonwealth v. Peterson*, 192 A.3d 1123, 1129-32 (Pa. 2018); *Commonwealth v. Bennett*, 930 A.2d 1264, 1272-74 (Pa. 2007); *Hipps*, 274 A.3d at 1268-72. That exception, however, does not apply where PCRA counsel has timely raised a claim for PCRA relief and timely filed an appeal from its denial and the courts have decided the issue that PCRA counsel has raised on the merits. *Hipps*, 274 A.3d at 1271-72.

Appellant does not dispute that PCRA counsel timely filed a first PCRA petition on his behalf and timely filed an appeal from the PCRA court's denial of that PCRA petition. His only claim in this regard is that PCRA appellate counsel's briefing was allegedly so deficient that he was denied appellate review of the sole issue that was raised in his PCRA petition. While deficient briefing by a defendant's PCRA appellate counsel that results in complete waiver of all issues on appeal and denies the defendant any appellate review on the merits can constitute grounds for *nunc pro tunc* reinstatement of the defendant's appeal rights, *Commonwealth v. Clark*, 254 A.3d 723, 725 (Pa.

2021), that situation is not present here. This Court did not find any waiver in affirming the denial of Appellant's first PCRA petition and considered and rejected the issue that Appellant's PCRA counsel had raised on the merits. *Windon*, 276 A.3d 211, No. 498 MDA 2021, slip op. at 12-14.

Because Appellant's second PCRA petition was filed more than one year after his judgment of sentence became final and no exception to the PCRA's time bar applies, the PCRA court properly dismissed it as untimely. We therefore affirm the PCRA court's dismissal order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/31/2024