J-S28004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH CONDE | : | |
| | : | |
| Appellant | : | No. 1950 EDA 2023 |

Appeal from the PCRA Order Entered June 21, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-00010909-2012

BEFORE:  STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.:               **FILED OCTOBER 29, 2024**

Keith Conde (Appellant) appeals an order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition for postconviction relief.[1]  In 2013, Appellant was found guilty of numerous drug-related offenses, and he was sentenced to an aggregate prison term of seven and a half to 15 years.  He timely appealed, and the judgment of sentence was upheld.  ***See Commonwealth v. Conde***, No. 156 EDA 2014 (Pa. Super. filed July 17, 2015) (unpublished memorandum).  A petition for postconviction relief filed in 2016 was denied, and in his most recent petition (his second), Appellant asserted layered claims of ineffective assistance of trial and PCRA counsel.  Because the most recent petition was both untimely and without merit, we affirm its dismissal.

_____

[1] All of Appellant's claims were asserted pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

The PCRA court has summarized the underlying facts of this case as follows:

> Appellant was found guilty of selling heroin to a confidential informant (CI) on numerous occasions. On February 3, 2012, Police Officer Gramlich met with the CI who provided the Officer with information regarding an alleged heroin supplier known as "Shem." During this meeting, [the] CI set up a meeting with Shem to purchase heroin.
>
> Later, Officer Gramlich watched as the CI walked to the spot for the meeting and was picked up by a black Lincoln with two men inside. Shortly after, [the] CI returned to Officer Gramlich with sixty-six (66) packets of heroin. Less than two (2) weeks later, Officers and the CI went to the same meet up spot to arrange another purchase of heroin by CI. Again, [the] CI was picked up by a black Lincoln, and then returned to Officer Gramlich with sixty-three (63) packets of heroin. This time, when the black Lincoln drove away, officers followed the vehicle and pulled the vehicle over for not using a turn signal.
>
> During the stop, Officers obtained the driver's license which confirmed that the driver was Appellant. Officers then showed a picture of Appellant to the CI who confirmed that Appellant was the heroin dealer he knew as Shem.
>
> Officers conducted three (3) more controlled buys of heroin from Appellant with the last purchase being on April 20, 2012. On this day, Officer Gramlich and the CI again returned to same meeting spot to buy heroin from Appellant. CI was once again picked up by a black Lincoln, and then returned to Officer Gramlich with 299 packets of heroin. After CI returned to Officer Gramlich, police blocked the black Lincoln and arrested Appellant.

PCRA Court 1925(a) Opinion, 6/21/2023, at 2-3 (citations omitted).

At the conclusion of the jury trial held in 2013, Appellant was found guilty of drug related offenses stemming from the five controlled buys which

police had arranged with their CI. Appellant was sentenced as outlined above, and the judgment of sentence was upheld on direct appeal in 2015.

On July 14, 2016, Appellant timely filed a PCRA petition raising claims of trial counsel's ineffectiveness. Appointed PCRA counsel filed a **Turner**/**Finley**[2] letter of no merit on September 18, 2017, as well as an addendum to no-merit letter on May 10, 2018.[3] Appellant received copies of counsel's no-merit letter, as well as its addendum. The petition was dismissed by the PCRA court on October 11, 2018.

The record indicates that Appellant did not appeal the PCRA court's order of dismissal entered in 2018. Nor did Appellant immediately challenge the withdrawal of PCRA counsel. Instead, on October 9, 2019, Appellant filed a second PCRA petition which was amended with the aid of newly appointed counsel on January 13, 2021. None of the claims included in the amended petition had been raised in the initial petition filed in 2016, but all of the facts underlying those claims would have been known to Appellant from the time of his trial, if not sooner.

_____

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The PCRA court originally had dismissed these claims on January 19, 2018, upon finding that no response to its Rule 907 notice of intent to dismiss had been received. Counsel's addendum letter clarified for the PCRA court that Appellant had in fact filed a *pro se* response to that notice, prompting the PCRA court to vacate the dismissal order on May 10, 2018. The PCRA court then, upon further consideration, entered a final order of dismissal on October 11, 2018.

- 3 -

Appellant first claimed in his amended second petition that trial counsel was ineffective in failing to make several hearsay objections during the trial testimony of Officer Gramlich. Specifically, Officer Gramlich had testified about (a) the reasons why the CI did not attend the trial; (b) an identification the CI made of Appellant; and (c) why other officers had followed the vehicle Appellant was driving after a controlled buy. As to the CI's absence at trial, Appellant claimed that the trial court erred in denying a requested missing-witness jury instruction. Additionally, Appellant claimed that trial counsel should have objected when Officer Gramlich testified that Appellant was unwilling to implicate any of his co-conspirators.

Appellant's final claims against trial counsel concerned his failure to object to the Commonwealth referring to him as a "career criminal, pistol packing, drug dealing thug," and allowing Officer Gramlich's team to be referred to as the "Dangerous Drug Offender Unit." As a layered claim of ineffectiveness, Appellant asserted that his prior PCRA counsel performed ineffectively by concluding that no meritorious postconviction issues could be raised on his behalf.

The Commonwealth moved to dismiss the amended second PCRA petition on January 12, 2022, contending that it was untimely and otherwise without merit. Appellant stated in his response to the motion that he had satisfied the newly discovered fact exception to the PCRA's timing requirements. The new "fact" Appellant relied upon was that his prior PCRA

counsel had "abandoned" him by not meaningfully participating in the proceedings and then withdrawing from representation.

An evidentiary hearing was held by the PCRA court on May 11, 2023. At this hearing, Appellant's trial counsel took the stand to address Appellant's new ineffectiveness claims against him. In addition, Appellant's current PCRA counsel again argued that the most recent petition filed in 2021 was timely because prior PCRA counsel had, in effect, abandoned Appellant. *See* N.T. Hearing, 5/11/2023, at 22-24.

The Commonwealth countered that the filing of a no-merit letter and withdrawal by Appellant's prior PCRA counsel did not constitute an abandonment, much less a newly discovered fact for the purposes of the PCRA. *See id*., at 32-34. Further, the Commonwealth argued that none of Appellant's ineffectiveness claims had substantive merit. *See id*., at 34-41. The trial court dismissed the amended petition, and a timely appeal was filed.

In compliance with Pa.R.A.P. 1925(a), the PCRA court entered an opinion giving the reasons why the dismissal of the petition should be upheld. *See* PCRA Court 1925(a) Opinion, 6/21/2023, at 4-7. The timeliness of the PCRA petition was not addressed in that opinion. The PCRA court later entered a supplemental opinion addressing Appellant's claim that he was erroneously denied a missing witness jury instruction. *See* PCRA Court Supplemental Opinion, 7/23/2023, at 1-2.

In his brief Appellant now raises five issues for our consideration:

I. Is [Appellant's] PCRA [petition] timely when he was effectively abandoned by PCRA counsel for his first PCRA petition and filed a subsequent PCRA petition after the one-year time bar[?]

II. Did the trial court err in dismissing Appellant's PCRA petition after an evidentiary hearing when trial counsel was ineffective for failing to object or seek curative measures when Police Officer Gramlich testified to inadmissible hearsay and in violation of the Confrontation Clause of the 6th Amendment of the United States Constitution as well as Article 1 § 9 of the [Pennsylvania] Constitution when he testified that the [CI], who would not testify at trial, identified Appellant as the person who sold him narcotics on multiple occasions[?]

III. Did the trial court err in dismissing [Appellant's] PCRA petition after an evidentiary hearing when trial counsel was ineffective for failing to object or seek curative measures when . . . Officer Gramlich testified to general reasons why [CI's] may not want to testify to try to explain the absence of the CI in this case which amounted to inadmissible hearsay[?]

IV. Did the trial court err in dismissing [Appellant's] PCRA petition after an evidentiary hearing when trial counsel was ineffective for failing to object or seek curative measures when the Commonwealth used the term "Dangerous Drug Offender Unit" six times throughout the trial to signal to the jury that [Appellant] was "dangerous" and [the term] was unduly prejudicial[?]

V. Did the trial court err in failing to give a Missing Witness jury instruction when the Commonwealth proffered no testimony to establish any real or specific threat to the informant's safety but instead declined to call the [CI] as a witness because [he] was fired after his involvement in this matter after attempting to steal $50 of pre-recorded buy money[?]

Appellant's Brief, at 2-3 (suggested answers omitted, issues reordered).

At the outset, we find that Appellant's present claims are untimely and procedurally barred, as he did not satisfy the newly discovered fact exception of the PCRA. Essentially, he argues that his PCRA counsel abandoned him by filing a *Turner*/*Finley* letter of no-merit after his first, timely postconviction

petition was filed, thereby making his most recent petition timely filed within a year of the prior petition's dismissal.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's time limit is jurisdictional, prohibiting a court from reaching the merits of an untimely PCRA claim. *Commonwealth v. Fahy*, 737 A.2d 214, 222-23 (Pa. 1999); *Commonwealth v. Hipps*, 274 A.3d 1263, 1267 (Pa. Super. 2022); *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

A PCRA petition may be filed beyond the one-year time period if the petitioner pleads and proves one of three enumerated exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)*.*

These exceptions only apply if the PCRA petition was filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

To establish the newly discovered fact exception of subsection 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that the petitioner "take reasonable steps to protect his own interests." *Id.* (citation omitted). A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *See id.*

The newly discovered fact exception may be invoked in situations where a petitioner's prior counsel has abandoned him. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007). Abandonment in this context occurs where an act or omission by counsel has fully deprived the petitioner of collateral review of his claims. *Id*.; *see also Peterson*, 192 A.3d at 1129-30; *Hipps*, 274 A.3d at 1270 (rejecting abandonment claim). In such a circumstance, counsel's abandonment may constitute a new fact under subsection 9545(b)(1)(ii). *See Bennett*, 930 A.2d at 1273; *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000) (same).

Further, in *Bradley*, our Supreme Court elaborated on when the newly discovered fact exception may be invoked, holding that in limited scenarios, it may be asserted to "raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381,

405 (Pa. 2021). Subsequently, however, this Court stressed that a PCRA petitioner may *not* rely on the asserted ineffectiveness of prior PCRA counsel to satisfy the PCRA's newly discovered fact exception:

> Nothing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right. To the contrary, our Supreme Court in **Bradley** unambiguously **rejected** the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel. 261 A.3d at 403-04 & n.18. The Supreme Court not only stated that the opportunity that it allowed to raise claims of ineffective assistance of PCRA counsel "does not sanction extra-statutory serial [PCRA] petitions," but also expressly held:
>
>> We decline to adopt the approach, suggested by Appellee and Amicus Pennsylvania Innocence Project, that would deem a petitioner's "discovery" of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the "new fact" exception. **See** 42 Pa.C.S. § 9545(b)(1)(ii). We have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time bar.

**Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023) (quoting **Bradley**, 261 A.3d at 403, 404 n.18) (citations omitted, emphasis in original); **see also Commonwealth v. Peterson**, 192 A.3d 1123, 1130 (Pa. 2018) ("counsel's ineffectiveness may not be invoked as a newly-discovered 'fact' for purposes of invoking the [new fact] exception.").

Here, Appellant concedes that his most recent petition was filed more than one year after the date on which his judgment of sentence became final, making it facially untimely. He has made two related arguments to avoid the

application of the PCRA's procedural bar, contending that his prior counsel "abandoned" him by withdrawing from representation after stating in a no-merit letter that there were no non-frivolous issues that could be raised; he also seems to argue that prior PCRA counsel was ineffective in failing to raise his newly asserted claims of trial counsel's ineffectiveness. Neither ground is availing.

First, Appellant was not abandoned for the purposes of the PCRA, and his claim of PCRA counsel's ineffectiveness does not satisfy the PCRA's newly discovered fact exception. This is because the conduct of Appellant's prior PCRA counsel did not fully deprive him of collateral review. Prior counsel filed two **Turner**/**Finley** letters evaluating Appellant's claims and finding no issues of arguable merit. The procedural requirements for withdrawal from representation were met. The PCRA court then conducted its own mandatory review of the record and also concluded that no issues of arguable merit were evident. Thus, prior counsel's conduct did not foreclose appellate review, and Appellant was not abandoned during his previous PCRA proceedings.

Moreover, Appellant did not avail himself of the opportunity to challenge the effectiveness of PCRA counsel that **Bradley** provides. That is, Appellant did not seek to raise his claims of ineffectiveness of PCRA counsel at the first opportunity by appealing the denial of his timely first PCRA petition. Instead, he raised those claims in a *subsequent* PCRA petition filed more than a year after the judgment of sentence became final. This was despite that the

underlying facts Appellant now relies on would have been known to him from the time of trial. We directly held in **Stahl** that a claim of ineffective PCRA counsel may not be asserted in this manner. **See Stahl**, 292 A.3d 1130, 1136. Thus, because Appellant has failed to show that any statutory exception to the PCRA's time-bar applies, the PCRA court did not err in dismissing the most recent petition as untimely filed.[4]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2024

---

[4] Even if Appellant had timely filed his most recent PCRA claims, we would find that no relief would be due because the claims lack merit for the reasons outlined in the PCRA court's 1925(a) opinion. **See** PCRA Court 1925(a) Opinion, 6/21/2023, at 4-7; **see also** PCRA Court Supplemental Opinion, 6/23/2023, at 1-2.