J-S28008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY WALLACE | : | |
| | : | |
| Appellant | : | No. 2673 EDA 2023 |

Appeal from the PCRA Order Entered September 20, 2023
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0001633-2001

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 18, 2024**

Appellant, Gary Wallace, appearing *pro se*, seeks review of an order of the Court of Common Pleas of Lehigh County (PCRA court) dismissing as untimely his petition for postconviction relief.[1] We affirm.

In 2002, following a jury trial, Appellant was found guilty of one count of first-degree murder. At the time of the offense in 1998, Appellant was between 18 and 19 years old. The trial court sentenced him to a mandatory term of life imprisonment without the possibility of parole, and the judgment of sentence was upheld on direct appeal. *See Commonwealth v. Wallace*, No. 3298 EDA 2002 (Pa. Super. filed July 28, 2003) (unpublished memorandum). Our Supreme Court denied further review on May 11, 2004.

---

[1] Appellant sought relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

*See Commonwealth v. Wallace*, No. 620 MAL 2003 (Pa. 2004) (denying allocatur).

On April 21, 2005, Appellant timely filed his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The petition was denied in 2007, and its denial was affirmed in 2008. *See Commonwealth v. Wallace*, No. 993 EDA 2007 (Pa. Super. filed April 9, 2008) (unpublished memorandum); *see also Commonwealth v. Wallace*, No. 376 MAL 2008 (Pa. 2009) (denying allocatur). Appellant then sought habeas corpus relief in federal court, and it too was denied.

Appellant's most recent petition was filed *pro se* on August 24, 2023. He argued therein that the imposition of a mandatory term of life without parole was an unlawful sentence, as applied to him, because it violated the constitutional prohibition on cruel and unusual punishment. Appellant cited the seminal opinion in *Miller v. Alabama*, 567 U.S. 460, 465 (2012), where the United States Supreme Court held that offenders under the age of 18 years cannot be mandatorily subject to a life-without-parole sentence. The Court explained in *Miller* that individuals under the age of 18 have not fully developed the cognitive abilities necessary to grasp the consequences of criminal actions, making them less culpable than adults. Essentially, Appellant argued that since he was not just over the age of 18 at the time he committed the subject offense, the protections of *Miller* had to be afforded to him.

A day after his petition was filed, Appellant filed a memorandum of law to which he attached an affidavit prepared in another case by Laurence

Steinberg, MD. *See* Memorandum of Law in Support of PCRA Petition, 8/25/2023, Exhibit A (Affidavit of Dr. Laurence Steinberg). This physician opined in the affidavit that there is no meaningful difference in the cognitive or psychological maturity level of an individual between the ages of 18 and 21 years old. Appellant relied on that opinion to bolster his claim that he is entitled to a resentencing pursuant to *Miller*.

Appellant also relied on Dr. Steinberg's affidavit to satisfy the timing requirements of the PCRA. While he conceded that his petition was facially untimely, as it was filed more than one year after the date on which his judgment of sentence became final, Appellant invoked the "newly-discovered fact" exception, which is enumerated in subsection 9545(b)(1)(ii) of the PCRA. He claimed that he could not have discovered the medical opinions contained in Dr. Steinberg's affidavit through the exercise of due diligence.

According to Appellant, he did not learn of Dr. Steinberg's opinions until April 15, 2023. *See* Memorandum, 8/25/2013, at 3. On that date, a fellow prisoner presented Appellant with a Massachusetts case in which a court, in reliance on Dr. Steinberg's opinions, held that *Miller* applies to offenders in "late adolescence," between 18 and 20 years old. *See id*. Prison staff provided Appellant with Dr. Steinberg's affidavit on May 25, 2023, and Appellant's PCRA petition was filed three months later. *See id*., at 4. Appellant emphasized that he could not have learned of the medical opinions expressed in the affidavit because he had not been represented by counsel

- 3 -

since 2009, and he did not have access to a legal library or records in the public domain. *See id*.

The PCRA court issued a notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907, explaining that it appeared the petition was both untimely and meritless. Appellant filed a response to the notice, reiterating that he had no way of learning about Dr. Steinberg's opinions sooner than he did.

The PCRA court declined to reach the substantive merit of Appellant's postconviction sentencing claims, finding that it lacked jurisdiction to do so because Appellant had failed to prove any exceptions to the PCRA's time-bar. *See* PCRA Court 1925(a) Opinion, 12/6/2023, at 4; *see also* PCRA Court Order of Dismissal, 8/29/2023, at 1 n.1. The PCRA court rejected Appellant's argument that the affidavit of Dr. Steinberg constituted a "newly-discovered fact" because the medical opinions expressed in the affidavit were, as a matter of law, "'not new facts or scientific principles.'" PCRA Court 1925(a) Opinion, 12/6/2023, at 5-6 (quoting *Commonwealth v. Moody*, No. 2485 EDA 2021 *11 (Pa. Super. filed February 27, 2023) (unpublished memorandum)). In so ruling, the PCRA court applied our decision in *Moody*, where another PCRA petitioner had presented the same affidavit of Dr. Steinberg to raise the identical claim asserted by Appellant in this case. *See Moody*, No. 2485 EDA 2021, at *11.

Appellant timely appealed the PCRA court's order dismissing his petition, and he now raises two issues in his brief for our consideration:

- 4 -

1. Did the [PCRA] court err when it dismissed Appellant's PCRA petition which asserted an exception to the time bar pursuant under 42 Pa.C.S.A. § 9545(b)(1)(ii), without making factual findings to determine whether he alleged and proved the facts upon which his underlying claim was predicated were unknown to him and could not be ascertained by the exercise of due diligence?

2. Whether the mandatory life without parole sentence imposed upon Appellant violate the cruel punishments provision under Article I, Section 13 of the Pennsylvania Constitution in light of his attendant characteristics of youth?

Appellant's Brief, at 2 (suggested answers omitted).

At the outset, we agree with the PCRA court that Appellant's claims are untimely and procedurally barred, as Appellant did not satisfy the newly-discovered fact exception of the PCRA. And contrary to his arguments, the PCRA court made the findings necessary for this Court to uphold that ruling.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's time limit is jurisdictional, prohibiting a court from reaching the merits of an untimely PCRA claim. *See Commonwealth v. Fahy*, 737 A.2d 214, 222-23 (Pa. 1999); *Commonwealth v. Hipps*, 274 A.3d 1263, 1267 (Pa. Super. 2022).

A PCRA petition may be filed beyond the one-year period if the petitioner can plead and prove by a preponderance of the evidence one of three enumerated exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

**(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence**; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1) (emphasis added).

These exceptions only apply if the PCRA petition was filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *Hipps*, 274 A.3d at 1267.

To establish the newly-discovered fact exception of subsection 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that the petitioner "take reasonable steps to protect his own interests." *Id.* (citation omitted). A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *See id.*

On review of the dismissal of a PCRA petition, this Court must determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the

- 6 -

findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id***.

We find that the record supports the PCRA court's ruling that Appellant failed to satisfy the newly-discovered fact exception, making it improper to consider the merits of his sentencing claim. As stated in the analogous ***Moody*** case cited by the PCRA court in its 1925(a) opinion, the affidavit of Dr. Steinberg does not constitute a newly-discovered fact for PCRA purposes:

> When reviewing claims that a PCRA petition alleged newly discovered facts pursuant under section 9545(b)(1)(ii), a court must pay careful attention to the fact alleged. The relevant fact for section 9545(b)(1)(ii) is not the publication of a scientific report, but the scientific principles contained in the report. ***See Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa. 2013) J-A28043-22 (concluding that information in a scientific report critiquing the reliability of hair comparison analysis did not constitute a new fact), *overruled on other grounds by* ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020) (abrogating the "public records presumption" that information available in a public record could not be deemed unknown to the petitioner). However, sources containing information repudiating previously accepted scientific methods and evidence may set forth new facts. ***See Commonwealth v. Chmiel,*** 173 A.3d 617, 626 (Pa. 2017) (distinguishing ***Edmiston***). A petitioner must establish that he acted with due diligence; the focus is on a "circumstance-dependent analysis of the petitioner's knowledge, not that of the public at large." **A petitioner's presentation of a previously known fact through a newly discovered source will not establish a timeliness exception under section 9545(b)(1)(ii)**.
>
> * * * *
>
> **Although Moody references . . . Dr. Steinberg's discussions of more recent studies, those studies constitute new sources of existing facts or scientific principles for the purpose of the PCRA time bar, not new facts or scientific principles**.

*Moody*, No. 2485 EDA 2021, at *10-11 (emphases added).

The *Moody* Court concluded by finding that it could "discern no issues of fact to support Moody's assertion that he was entitled to an evidentiary hearing." *Id*., at *12 (citing *Commonwealth v. Marshall*, 947 A.2d 714, 723 (Pa. 2008) (rejecting PCRA petitioner's claim of entitlement to an evidentiary hearing because the PCRA court lacked jurisdiction to entertain the merits of the petition)). Since the petitioner had not properly invoked the Court's jurisdiction, it was prohibited from holding an evidentiary hearing or otherwise addressing the merit of the petitioner's claim "challenging the constitutionality of his sentence." *Id*.

Here, while we are sensitive to the fact that prisoners do not always have immediate or comprehensive access to research materials, the timing of the purported "new facts" precludes us from finding that Appellant exercised due diligence to discover them.

In Dr. Steinberg's affidavit, he recounted his extensive studies in the field of developmental psychology as a university professor, as well as his leadership roles, such as his former position as the President of the Division of Developmental Psychology of the American Psychological Association, and President of the Society for Research and Adolescence. Significantly, Dr. Steinberg also summarized some of his published work, most notably a research paper from 2003, which was cited both in *Miller*, and in an earlier landmark decision, *Roper v. Simmons*, 543 U.S. 551 (2005), where the

Supreme Court prohibited the imposition of capital punishment on juvenile offenders. **See** Memorandum of Law in Support of PCRA Petition, 8/25/2023, Exhibit A (Affidavit of Dr. Laurence Steinberg), at paras. 1-7.

The gist of Dr. Steinberg's opinion was that, in "the past ten years,"[2] new scientific evidence had established that the "psychological and neurobiological immaturity characteristic of early adolescents and middle adolescents are also characteristic of late adolescents." **Id**., at para. 11. Due to the similar level of immaturity in those age groups, Dr. Steinberg asserted that "the logic" applied by the United States Supreme Court in cases like **Roper** and **Miller** should apply to offenders in the 18-21 year-old age group: "Thus, for the very same reason that the Supreme Court found capital punishment and mandatory life without the possibility of parole in cases involving defendants under the age of 18 to be unconstitutional, these penalties should be prohibited in cases involving defendants under the age of 21." **Id**., at 33.

As discussed above, the newly-discovered fact exception of the PCRA requires the presentation of completely new facts, not the presentation of previously known facts through a newly discovered source. Appellant has

---

[2] The affidavit was completed on July 12, 2019, so the research referred to in it dated back roughly to 2009. Later on, at the conclusion of his affidavit, Dr. Steinberg referred to other recent studies published by him and his colleagues, dated between 2013 and 2016. **See** Memorandum of Law in Support of PCRA Petition, 8/25/2023, Exhibit A, at para. 29 n.26-27 (Affidavit of Dr. Laurence Steinberg).

been serving his sentence since 2002, and he claims he first learned of Dr. Steinberg's opinions in 2023, as expressed in an affidavit created in 2019. The critical opinion which Appellants asserts to be a new fact is that offenders of his age – 18 years old at the time of the offense – should receive the same constitutional protections afforded to younger offenders. However, that opinion was not "new" in 2023. It was not even new in 2019, when Dr. Steinberg expressed the opinion in his affidavit. As the content of the affidavit makes clear, the document was a summary of ongoing scientific research and conclusions from as far back as *2009*.

The affidavit cited by Appellant is therefore a source of facts which had already existed for about ten to 14 years prior to the filing of Appellant's most recent PCRA petition. Even considering that Appellant's access to research materials has been limited during his incarceration, he has not accounted for anywhere near that span of time when attempting to carry his initial burden of pleading and proving the newly-discovered fact exception to the PCRA. Thus, Appellant did not establish that he acted with the requisite due diligence during the relevant periods; Appellant's claim is time-barred; and the order on review must stand.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  12/18/2024