J-S28015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD HUSTON AYCOCK | : | |
| | : | |
| Appellant | : | No. 33 MDA 2025 |

Appeal from the PCRA Order Entered December 27, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0006001-2017

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:          **FILED: SEPTEMBER 23, 2025**

Richard Huston Aycock appeals *pro se* from the order that dismissed his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We reverse and remand with instructions.

Appellant is serving a sentence of nine to eighteen years of imprisonment imposed upon convictions for, *inter alia*, unlawful possession of a firearm under 18 Pa.C.S. § 6105. His direct appeal merited no relief. **See Commonwealth v. Aycock**, 229 A.3d 383, 2020 WL 1518101 (Pa.Super. 2020) (non-precedential decision), *appeal denied*, 237 A.3d 414 (Pa. 2020). Nor did his first, timely, counseled PCRA petition, the dismissal of which he did not appeal. **See** Order, 8/23/21.

Appellant filed a second PCRA petition in September 2023. Perceiving that a hearing might be necessary, the court appointed William M. Shreve,

Esquire, to represent Appellant. *See* Pa.R.Crim.P. 904(D). Attorney Shreve filed a supplemental petition alleging an exception to the PCRA's one-year time bar and raising a constitutional challenge to § 6105 founded upon the decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The court dismissed the petition as untimely by order of March 18, 2024, and Appellant appealed. However, the appeal was dismissed by this Court on June 28, 2024, due to counsel's failure to file a docketing statement.

Appellant then promptly filed the *pro se* petition at issue in this appeal. Therein, he complained of Attorney Shreve's failure to secure review of the second PCRA petition and his failure to obtain certain evidence that Appellant requested, which he maintains will undermine his convictions. *See* PCRA Petition, 8/1/24, at ¶¶ 1, 6.. The PCRA court appointed Kristen Weisenberger, Esquire, who sought to withdraw upon opining that the petition was untimely and no exception applied. The court issued a Pa.R.Crim.P. 907 notice in which it stated the following:

> Attorney Weisenberger concluded that [Appellant]'s present PCRA [petition], his third, is untimely under a traditional legal analysis. We agree that [Appellant]'s underlying legal claims, that were presented in his second [petition], are untimely for the reasons discussed in the [Rule 907 notice issued in the second PCRA proceedings]. However, we believe [Appellant]'s third [petition] is timely to the extent that he should be able to obtain appellate review of our dismissal of his second [petition].
>
> In *Commonwealth v. Hipps*, 274 A.3d 1263 (Pa.Super. 2022), the Court held that *per se* ineffectiveness which wholly deprives a defendant of appellate or post-conviction review is a newly-discovered fact for purposes of the exception to the PCRA's time-bar prescribed by 42 Pa.C.S. § 9545(b)(1)(ii). We believe prior

- 2 -

> PCRA counsel's failure to file a docketing statement constitutes *per se* ineffectiveness. Therefore, while we believe we acted appropriately in dismissing [Appellant]'s second [petition], we also believe that [his] third [petition] was timely filed for the purpose of reinstating his right to appeal that dismissal.

Rule 907 Notice, 12/13/24, at 2 (cleaned up).

Nonetheless, rather than denying counsel's withdrawal request and entering an order reinstating Appellant's rights to appeal the dismissal of the second petition, the PCRA court granted leave for Attorney Weisenberger to withdraw and informed Appellant of its intent to dismiss the third petition. The court explained that the dismissal was warranted because the substantive claims raised in Appellant's second and third petitions were time-barred. The court ultimately dismissed the petition by order of December 27, 2024.

This timely *pro se* appeal followed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed. The PCRA court referred us to its Rule 907 notice regarding the third petition for the basis of its ruling. Appellant presents the following question for our consideration: "Did the PCRA [c]ourt err in not reinstating Appellant's appeal rights from the denial of his second PCRA petition[?]" Appellant's brief at 2.

We begin with the governing law. "[W]e review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). Ultimately, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that

relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled "that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." ***Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa.Super. 2022). Any PCRA petition must be filed within one year of the date that the underlying judgment of sentence became final unless the petitioner pleads and offers to prove one of the enumerated timeliness exceptions. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In the instant case, as detailed above, the PCRA court expressly found that Appellant satisfied the § 9545(b)(1)(ii) newly-discovered-facts exception as to Attorney Shreve's *per se* ineffectiveness in failing to file a docketing statement. ***See*** Rule 907 Notice, 12/13/24, at 2. That finding is factually and legally sound. ***See***, ***e.g.***, ***Commonwealth v. Peterson***, 192 A.3d 1123, 1132 (Pa. 2018); ***Commonwealth v. Bennett***, 930 A.2d 1264, 1273 (Pa. 2007).

Thus, the proper disposition of the petition was to deny Attorney Weisenberg's request to withdraw and reinstate Appellant's right to appeal the dismissal of his second petition. ***See Commonwealth v. Burke***, 336 A.3d 998, 2025 WL 884947, at *4 (Pa.Super. 2025) (non-precedential decision)

("Burke's appellate counsel failed to file the required docketing statement to perfect Burke's appeal. This led to the quashal of [his] appeal and left Burke without the ability to challenge his conviction and sentence by means of the direct appeal. Such failure constitutes ineffectiveness *per se*. We therefore reverse the PCRA court's order denying Burke post-conviction relief and reinstate his right to file a direct appeal.") (cleaned up).

Accordingly, we reverse the PCRA court's December 27, 2024 order to the extent that it declined to reinstate Appellant's appellate rights forfeited due to Attorney Shreve's *per se* ineffectiveness.[1] We remand for the PCRA court to enter an order reinstating his right to appeal the March 18, 2024 order

_____

[1] While the discovery of *per se* ineffectiveness that completely foreclosed review may satisfy the newly-discovered-facts exception, the general rule remains that the ineffectiveness of PCRA counsel cannot confer jurisdiction over an untimely serial petition. Rather, in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court provided a procedure for petitioners to vindicate their rule-based right to the effective assistance of PCRA counsel by allowing the petitioner to challenge counsel's stewardship at the first opportunity **during the pendency of that petition**. Yet, our High Court has made it plain that **Bradley** did not establish a new timeliness exception to provide jurisdiction for a subsequent PCRA petition. **See**, **e.g.**, **Commonwealth v. Laird**, 331 A.3d 579, 598 (Pa. 2025) ("**Bradley** did not create an exception to the PCRA's time-bar, and we expressly decline to create one today.").

As a result, Appellant's claims that Attorney Shreve failed to litigate certain PCRA claims cannot be reached in connection with the instant petition. To the extent that Appellant maintains that he did not have the opportunity to challenge Attorney Shreve's performance during the pendency of the second petition because Attorney Shreve's ineffectiveness prematurely terminated those proceedings, Appellant arguably can raise his **Bradley** claims once the second-petition proceedings are reopened by the reinstatement of his appellate rights.

dismissing his second PCRA petition.  Said order shall advise Appellant that a new notice of appeal shall be filed within thirty days of the reinstatement order.

Further, as the PCRA court previously concluded that Pa.R.Crim.P. 904(D) warranted the appointment of counsel in connection with the second-petition proceedings, the court shall appoint new counsel to represent Appellant on the new appeal or, should Appellant indicate a preference to proceed *pro se*, conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Order reversed.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/23/2025