**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT THEODORE WILSON | : | |
| | : | |
| Appellant | : | No. 2876 EDA 2022 |

Appeal from the PCRA Order Entered October 13, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at CP-23-CR-0002353-1995

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 16, 2023**

Robert Theodore Wilson (Appellant) appeals *pro se* from the order denying his serial petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] We affirm.

On March 19, 1996, a jury convicted Appellant of first-degree murder and criminal conspiracy relating to the shooting death of Jamar Prattis. On April 22, 1996, the trial court sentenced Appellant to life in prison without the possibility of parole. This Court affirmed Appellant's judgment of sentence; on November 25, 1997, the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Wilson***, 701 A.2d 785 (Pa. Super. 1997) (unpublished memorandum), ***appeal denied***, 704 A.2d 637 (Pa. 1997). As

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

a result, Appellant's judgment of sentence became final on February 23, 1998, when the 90-day period to file a petition for writ of *certiorari* in the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13, 28 U.S.C.A. (petition for writ of certiorari is deemed timely when filed within 90 days after denial of *allocatur*).

Appellant filed multiple unsuccessful PCRA petitions. On June 30, 2022, Appellant filed the instant petition. Appellant claims he recently discovered that his trial and sentencing counsel, Francis A. Holloran, Jr., Esquire (Attorney Holloran), failed to file an application to withdraw his appearance before direct appeal counsel, Patrick J. Connors, Esquire (Attorney Connors), entered his appearance. PCRA Petition, 6/30/22, ¶¶ 5-9. Appellant avers the trial court never released Attorney Holloran from his representation of Appellant. ***Id.*** ¶ 9. According to Appellant, Attorney Connors perpetrated a "fraud upon the [c]ourt(s) by fraudulently misrepresenting himself as [Appellant's] attorney of record" in court filings. ***Id.*** ¶ 23.

On October 13, 2022, following Pa.R.Crim.P. 907 notice and Appellant's response, the PCRA court dismissed Appellant's petition. ***See*** PCRA Court Order, 10/13/22. Appellant filed this timely appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues:

[A.] Did the [PCRA] court err by deciding Appellant's claim that his official attorney of record is presumed to have provided ineffective assistance of counsel 1) for failing to file post-sentencing motion(s) or direct appeal as so requested, and/or 2)

for withdrawing his appearance without either seeking leave or being granted leave to withdraw his appearance, did not satisfy the exceptions provided by 42 Pa.C.S. § 9545, even though Appellant plead and proved he was unaware of this and could not have ascertained it by due diligence?

[B.] Did the [PCRA] court err by deciding Appellant's claim that the attorney who filed various direct appeal filings with the courts, (*i.e.*, notice of appeal, certification pursuant to Pa.R.A.P. 525(d), statement of matters complained of on appeal, appellant brief, and petition for allowance of appeal), perpetrated a fraud upon the courts by intentionally or recklessly misrepresenting himself as Appellant's official attorney of record in filings with the courts, did not satisfy the exceptions provided by 42 Pa.C.S. § 9545, even though Appellant plead and proved he was unaware of this and could not have ascertained it by exercising reasonable diligence?

[C.] Did the [PCRA] court err by deciding Appellant's claim that the trial judge and Office of the Prothonotary (or Clerk of Courts), perpetrated a fraud upon the courts by intentionally or recklessly disregarding Appellant's constitutional rights (*i.e.*, due process of law, equal protection of the law, and effective assistance of counsel) and disregarding the truth (relating to certain person not to appear as counsel and their lack of authority to entertain or docket any motion or document filed by any person prohibited from filing such motions or documents), did not satisfy the exceptions provided by 42 Pa.C.S. § 9545, even though Appellant plead and proved he was unaware of this and could not have ascertained it by exercising due diligence?

Appellant's Brief at 4-5.

Our "standard of review of a PCRA court order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Hipps***, 274 A.3d 1263, 1266 (Pa. Super. 2022) (citation omitted). "[O]ur scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Howard***, 285 A.3d

652, 657 (Pa. Super. 2022) (citations omitted). As to legal conclusions, we apply a *de novo* standard of review. **Id.**

Prior to addressing Appellant's issues, we must determine whether his petition is timely. A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. **Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005). If a PCRA petition is untimely, the court lacks jurisdiction. **Id.**

Appellant's PCRA petition, filed decades after his judgment of sentence became final, is facially untimely. However, the PCRA's one-year time limitation may be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii), and (2) files a petition raising this exception within one year of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

Appellant asserts the newly-discovered facts and government interference exceptions. **See id.** § 9545(b)(ii)-(iii). To establish the newly discovered facts exception, Appellant must plead and prove, by a preponderance of the evidence, that (1) the facts upon which the claim is predicated were unknown, and (2) these unknown facts could not have been

ascertained by the exercise of due diligence. **Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017).

> Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence.

**Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa. Super. 2011).

Appellant first argues the PCRA court improperly concluded he failed to plead and prove the newly-discovered facts exception to the PCRA's time bar. Appellant's Brief at 11. Appellant argues he was unaware that the certified record does not include an application to withdraw by his trial counsel, Attorney Holloran. **Id.** He also asserts *per se* ineffective assistance of counsel based on Attorney Holloran's failure to file post-sentence motions and a requested direct appeal. **Id.** at 12.

Appellant further argues Attorney Connors, his direct appeal counsel, committed a fraud upon the court. **Id.** at 14-15; **see also** PCRA Petition, 6/30/21, ¶¶ 11-13, 23. Appellant claims Attorney Connors "intentionally misrepresented himself as Appellant's official attorney of record[.]" **Id.** at 16. According to Appellant, the "officers of the court," including the trial court and its staff, were either victims of this "fraud" or willing participants. **Id.** at 20.

Our review discloses Appellant was represented by the same public defender's office throughout trial and on direct appeal. Because Attorneys Holloran and Connors are from the same public defender's office, Appellant's claim of a "fraud" based upon the unauthorized "change" of counsel is not

supported by the record. ***See, e.g., Commonwealth v. Smith***, 995 A.2d 1143, 1150 (Pa. 2010) (recognizing a public defender may not argue ineffectiveness of another attorney in the same public defender's office, as the subsequent attorney, "in essence, is deemed to have asserted a claim of his or her **own** ineffectiveness." (citation omitted, emphasis added)).

Further, Appellant failed to plead and prove why he could not have known of Attorney Holloran's failure to withdraw and Attorney Connors's representation during his direct appeal and the ensuing years. Review of the docket would have disclosed Attorney Holloran's alleged failure to file an application to withdraw. Appellant's failure to establish why, with the exercise of due diligence, he could not have discovered Attorney Holloran's omission, defeats his claim of newly discovered facts. ***See Williams***, 35 A.3d at 53.

To the extent Appellant claims the government interference exception, the government interference exception permits an otherwise untimely PCRA petition to be filed if the petitioner pleads and proves

> the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]

42 Pa.C.S.A. § 9545(b)(1)(i). In other words, Appellant is required to show that but for the interference of a government actor, "he could not have filed his claim earlier." ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

Upon review, Appellant failed to demonstrate how government interference prevented him from discovering Attorney Holloran's failure to file

an application to withdraw. Appellant had over 20 years to review the docket in his case, and was aware of Attorney O'Connors's representation during his direct appeal. Appellant cannot overcome the PCRA's time-bar. ***See Stokes***, 959 A.2d at 310.

In summary, Appellant failed to establish the newly-discovered facts or government interference exceptions to the PCRA's time limitations. Accordingly, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2023