J-S32005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAID HAKEEM AHMAD | : | |
| | : | |
| Appellant | : | No. 68 MDA 2025 |

Appeal from the PCRA Order Entered December 31, 2024
In the Court of Common Pleas of Fulton County Criminal Division at
No(s): CP-29-CR-0000057-2019

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:     **FILED: OCTOBER 1, 2025**

Zaid Hakeem Ahmad appeals from the order, entered in the Court of Common Pleas of Fulton County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

The PCRA court set forth the factual and procedural history of this case as follows:

> After a two-day trial held on April 6, 2022 and April 7, 2022, a jury found [Ahmad] guilty of persons not to possess a firearm, firearms not to be carried without a license, and possession of drug paraphernalia. The trial court found [Ahmad] guilty of possession of a small amount of marijuana. [Ahmad] was acquitted of the charge of possession with intent to deliver.
>
> [Ahmad's] counsel status changed throughout the pendency of this case. Philip Harper, [Esquire,] Fulton County Chief Public Defender, represented [Ahmad] through the conclusion of the first

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

day of trial. After the Commonwealth rested and prior to the commencement of the second day of trial, [Ahmad] advised the court he wished to proceed pro se. After [a] colloquy, [the court] found [Ahmad] knowingly, intelligently, and voluntarily waived his right to counsel and appointed Attorney Harper as standby counsel. Post-trial, Attorney Harper filed a motion for the appointment of counsel on June 16, 2022, which was granted. Eric Weisbrod, [Esquire,][5] was appointed as counsel for [Ahmad].

[5] [] Matthew Militello, [Esquire,] an associate of [Attorney] Weisbrod[,] represented and appeared on behalf of [Ahmad] for sentencing and [filed Ahmad's] post-sentence motion.

A series of court-sanctioned continuances were granted, due in part to newly appointed counsel requiring sufficient time to prepare for sentencing. [Ahmad] was sentenced on December 8, 2022, to an aggregate sentence of 102 to 204 months of incarceration in a state correctional institution.

[Ahmad] timely filed his motion for reconsideration of sentence on February 3, 2023, which the trial court denied.

On November 8, 2023, [Ahmad] timely filed a pro se petition for relief under the [PCRA,] wherein he raised a claim for ineffective assistance of counsel, averring Attorney Militello failed to preserve his appeal rights by neglecting to file a notice of appeal[. The PCRA court] appointed Jerrold Sulcove, Esquire, as PCRA counsel. PCRA counsel timely filed an amended [PCRA p]etition [] on January 8, 2024. The Commonwealth filed a response . . . and[,] after a court- sanctioned continuance, an evidentiary hearing was held on July 11, 2024.[8] [The PCRA court] denied [Ahmad's] amended petition [on December 31, 2024].

[8] The Pennsylvania Attorney General represented the Commonwealth [in Ahmad's] PCRA [proceedings,] as Attorney Militello's law partner, [Attorney] Weisbrod, [] was the District Attorney-Elect at the time [Ahmad] filed his PCRA petition.

[Ahmad] timely filed the instant notice of appeal on January 13, 2025, and [the court] directed [him] to file a concise statement of [errors] complained of on appeal[.] On January 24, 2025, [Ahmad] timely complied[.]

PCRA Court Opinion, 3/11/25, at 1-4 (unnecessary capitalization, citations to record, and some footnotes omitted).

Ahmad raises the following claim for our review:

Whether the trial court erred in denying [Ahmad's] petition pursuant to the [PCRA] requesting restoration of his [direct] appellate rights where the [PCRA] court's denial was not based on the evidence of record?

Brief of Appellant, at 4.

In reviewing an order denying relief under the PCRA, this Court's standard of review is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Hipps*, 274 A.3d 1263, 1266 (Pa. Super. 2022).

"[W]e must defer to the PCRA court's findings of fact and credibility determinations [if they are] supported by the record." *Commonwealth v. Spotz*, [] 84 A.3d 294, 319 ([Pa.] 2014). This is because "[t]he PCRA court, and not the appellate courts, has personally observed the demeanor of the witnesses[.]" *Id.* "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mason*, [] 130 A.3d 601, 617 ([Pa.] 2015) (citation omitted).

*Commonwealth v. Hereford*, 334 A.3d 903, 909–10 (Pa. Super. 2025).

Here, Ahmad claims that Attorney Militello, who served as his counsel for sentencing and post-sentence motions, was ineffective for failing to file a requested direct appeal. When a PCRA petitioner alleges ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the petitioner pleads and proves that: (1) the underlying claim is of

arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) the petitioner was prejudiced by counsel's action or omission. ***Spotz***, 84 A.3d at 311. "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that[,] but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. Reed***, 42 A.3d 314, 319 (Pa. Super. 2012) (citation and quotation marks omitted). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any one of the three prongs. ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). "The burden of proving ineffectiveness rests with [the a]ppellant." ***Commonwealth v. Rega***, 933 A.2d 997, 1018 (Pa. 2007).

The unjustified failure to file a requested direct appeal is ineffective assistance of counsel per se and an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness. ***Commonwealth v. Lantzy***, 736 A.2d 564, 571 (Pa. 1999). However, "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." ***Commonwealth v. Bath***, 907 A.2d 619, 622 (Pa. Super. 2006) (citation omitted). "Mere allegation will not suffice; the burden is on [the a]ppellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel." ***Commonwealth v. Harmon***, 738 A.2d 1023, 1024 (Pa. Super. 1999).

Here, Ahmad cites to his own testimony at the PCRA hearing and argues that he "established that he requested Attorney Militello file a direct appeal [] and Attorney Militello did not [do so]." Brief of Appellant, at 12. He notes that Attorney Militello conceded at the PCRA hearing that some of the issues that occurred at trial may have been appealable. *Id.* at 14. Ahmad is entitled to no relief.

At the PCRA hearing, Ahmad testified that, following sentencing, he spoke with Attorney Militello about the results of his trial and sentencing and Attorney Militello "said he would try to . . . get in any appeals that he can put in." PCRA Hearing, 7/11/24, at 5. Ahmad believed that he had communicated to Attorney Militello his desire to appeal and that Attorney Militello would file an appeal on his behalf. *Id.* at 5-6. Ahmad testified that, following the denial of his post-sentence motion for reconsideration of sentence, he spoke with Attorney Militello on a three-way call with Ahmad's sister and requested Attorney Militello file an appeal. *Id.* at 6.

On cross-examination, Ahmad testified that the three-way call with his sister and Attorney Militello actually occurred prior to the trial court's denial of his motion to reconsider sentence. *Id.* at 12. Ahmad testified that, after the denial of his post-sentence motion, he "believe[d]" that he wrote to Attorney Militello but did not have a copy of the letter and could not recall when he sent the letter. *Id.* at 12-13.

Attorney Militello testified that he has been practicing law for nearly 12 years, that his practice primarily focuses on criminal defense or prosecution,

and that he has represented "hundreds" of defendants over the course of his career. *Id.* at 14, 17. He testified that he first met Ahmad "two or three times" at the Bedford County Jail in the fall of 2022, prior to sentencing. *Id.* at 14, 17. Attorney Militello stated that he and Ahmad "talked about the issues that [Ahmad] was pointing at that happened during the course of trial and how that would apply to an appeal." *Id.* at 16. Among other things, they discussed "DNA evidence and cross[-]contamination, and witnesses that weren't called, or even contacted[,] by Attorney Harper on behalf of [] Ahmad." *Id.* On cross-examination, Attorney Militello opined that the issue surrounding the uncalled witnesses could "potentially" have been an appealable issue. *Id.* at 20.

Attorney Militello testified that, after sentencing, he spoke with Ahmad on the telephone, likely prior to the trial court's denial of Ahmad's post-sentence motion. *Id.* at 17-19. Attorney Militello testified that he did not recall receiving a letter from Ahmad requesting an appeal but that, if he had received such a letter, he "would have filed [a notice of appeal] to preserve his appellate rights." *Id.* at 19.

The PCRA court concluded that, while "the testimony of both [Ahmad] and Attorney Militello [] lack[ed] some clarity the court was hoping to gain," Ahmad ultimately failed to meet his burden "to establish that he asked counsel to file an appeal[,] and [that the] request was disregarded[,] by evidence that is beyond mere allegation." PCRA Court Opinion, 3/11/25, at 7 (quotation marks omitted).

Upon review of the record, and mindful of our obligation to defer to the credibility findings of the PCRA court, **Spotz**, **supra**, we can discern no abuse of discretion or error of law on the part of the PCRA court. The PCRA court credited Attorney Militello's testimony that he would have filed an appeal had Ahmad requested that he do so. Conversely, the court was not persuaded by Ahmad's claim, supported by no evidence other than his own testimony, that he requested Attorney Militello to file an appeal. Accordingly, because Ahmad failed to sustain his burden to prove that counsel disregarded his request to file an appeal, **Bath**, **supra**, we are constrained to affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2025